**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALI RAZAK, KENAN SABANI, KHALDOUN CHERDOUD**<br><br>           v.<br><br>**UBER TECHNOLOGIES, INC., GEGAN, LLC** | **CIVIL ACTION**<br><br>**NO.  16-573** |

**Baylson, J.**                                                      **December 14, 2016**

**MEMORANDUM RE: DEFENDANTS' MOTION
TO DISMISS AND TO STRIKE**

### I.        Introduction

An important issue in this case is whether an UberBLACK driver is "working" when "on-call."  In the new "Uber world," digital technology and terminology are on the verge of capturing the English language.  "On-call" may mean something other than an obstetrician waiting at home before driving to the hospital to deliver a baby.  Is a volunteer firefighter sleeping at home, but subject to a wake-up call to race to a burning house, "on-call"?

In Mozart's Magic Flute, are the three boys "on-call" to rescue Pamina when in distress?; in Rigoletto, is Sparafucile "on-call" to murder the Duke?; in Falstaff, is Falstaff "on-call" to visit Alice Ford "dalle due alle tre" when her husband is not home?

Plaintiffs claim they are "working" when "on-call" but Defendants dispute this.  Can this be decided as a matter of law?  This factual/legal issue lies beneath the surface of the pleadings—because it is not until reading an exhibit to Plaintiffs' Amended Complaint that the most relevant fact appears—Plaintiffs assert they are "on-call" when "logged in" to the "Uber App" (these are two more digital terms obviously not found in the statute that authorizes these cases).  In their briefs, the parties dispute whether being "on-call" is synonymous with being

1

"logged in."  The analysis below results in the Court finding that this is a factual dispute which requires discovery before the Court can make any conclusions of law.

Plaintiffs Ali Razak ("Razak"), Kenan Sabani ("Sabani"), and Khaldoun Cherdoud ("Cherdoud" and, together with Razak and Sabani, "Plaintiffs") bring putative class, individual and representative claims for violations of federal and Pennsylvania wage and labor laws by defendants Gegen, LLC ("Gegen") and its sole member, Uber Technologies, Inc. ("Uber" and, together with Gegen, "Defendants").  On October 7, 2016, this Court dismissed, with leave to make certain amendments, all but the minimum wage claims in the original Complaint.

On October 13, 2016, Plaintiffs filed a first amended complaint (the "Amended Complaint" or "Am. Compl."), alleging Five Counts:

(1) Failure to pay the federal minimum wage, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.*;

(2) Failure to pay an overtime premium for every hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA;

(3) Failure to pay "free and clear" wages, in violation of the FLSA;

(4) Failure to pay minimum and overtime wages, in violation of the Pennsylvania Minimum Wage Act ("PMWA"), 42 Pa. Cons. Stat. § 333.101 *et seq.*; and

(5) Failure to designate regular paydays, in violation of the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. Cons. Stat. § 260.1 *et seq.*

Defendants now move to (1) dismiss the overtime claims alleged in Count Two and Count Four[1] of the Amended Complaint for violations of the FLSA and PMWA overtime provisions; and (2) strike certain allegations from the Amended Complaint.  (ECF 48, Defs.' Mot. to Dismiss & Strike "Defs.' Mot.").  On November 28, 2016, Plaintiffs filed an Opposition

---

[1]     Count Four of the Amended Complaint alleges what was alleged in Count Six of the original Complaint, which Plaintiffs were given leave to amend.

to Defendants' Motion, (ECF 51, Pls.' Mot. in Opp'n to Def.'s Mot. to Dismiss & Strike "Pls.'
Opp'n"), to which Defendants filed a Reply on December 5, 2016 (ECF 52, "Defs.' Reply Br.").

For the following reasons, Defendants' Motion to Dismiss will be **DENIED** and
Defendants' Motion to Strike will be **GRANTED** in part and **DENIED** in part.

## II.    Factual Background

The facts of this action have been amply documented in prior opinions of this Court, <u>see,
e.g.</u>, <u>Razak v. Uber Techs., Inc.</u>, No. CV 16-573, 2016 WL 5874822, at *1 (E.D. Pa. Oct. 7,
2016), so only the facts relevant to the resolution of the instant motion are set out below.
Plaintiffs are Pennsylvania drivers participating in the Uber ride-sharing service who bring this
action on behalf of a putative class of "[a]ll persons who provided limousine services, now
known as UberBLACK, through Defendants' App in Philadelphia, Pennsylvania." (Am. Compl.
¶ 106). Uber furnishes a mobile phone application (the "Uber App") "providing on-demand car
services to the general public." (<u>Id.</u> ¶ 22). Plaintiffs are certified limousine drivers who provide
services as Drivers through the Uber App's UberBLACK platform. (<u>Id.</u> ¶¶ 2, 59).

According to Plaintiffs, Razak worked "at least 84 hours for Defendants" during the week
of November 30, 2015, and was paid $750.40 even though he was owed $768.50 under
applicable wage laws. (<u>Id.</u> ¶¶ 134(a), 146(a)). Similarly, Sabani worked "at least 87.1 hours for
Defendants" during the week of November 9, 2015, and was "not pa[id] any wages" even though
he was owed $802.21 under applicable wage laws. (<u>Id.</u> ¶¶ 134(b), 146(b)). Cherdoud also
worked "at least 84 hours for Defendants" during the week of December 21, 2015, and was paid
$3.72 even though he was owed $390.59 under applicable wage laws. (<u>Id.</u> ¶¶ 134(c), 146(c)).

III.     **Procedural History & Jurisdiction**

Plaintiffs commenced this action on January 6, 2016, by filing a Complaint in the Court of Common Pleas of Philadelphia County.  (ECF 1, Ex. A).  On February 4, 2016, Defendants removed the action to this court under 28 U.S.C. §§ 1331, 1332(a)(1), 1367(a), 1441, and 1446, citing federal question and diversity jurisdiction.  (Id.)

On March 22, 2016, Defendants previously moved to dismiss this case and compel arbitration, and, in a separate motion, to stay this action.  (See ECF 15, 18).  In those motions, Defendants argued that an order issued by Judge Chen in the Northern District of California in related cases had "nullified" the arbitration provision in Defendant Uber's Service Agreement, thereby raising a "threshold question of arbitrability" that had to be decided by an arbitrator. Finding that Judge Chen's order had no such effect, this court concluded that Plaintiffs had complied with the arbitration opt-out procedures allowed by the Service Agreement.  The Court denied both motions.  (ECF 37); Razak v. Uber Techs., Inc., No. 16-cv-573, 2016 WL 3960556, at *1 (E.D. Pa. July 21, 2016).

On August 19, 2016, Defendants also previously moved for Judgment on the Pleadings, (ECF 38), which, on October 7, 2016, this Court granted in part, and denied in part.  See Razak, 2016 WL 5874822, at *1.  In that Order, the Court permitted Plaintiffs' minimum wage claims (contained in Counts One, Count Three and Count Seven) to proceed as plead.  The Court dismissed Plaintiffs' breach of fiduciary duty claim (Count Eight) with prejudice, but Plaintiff's FLSA and PMWA overtime claims (Count Two and Count Six) without prejudice, and with leave to file an amended complaint.

On October 13, 2016, Defendants filed the operative Amended Complaint, which is the subject of the instant Motion.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and venue is proper pursuant to 28 U.S.C § 1441(a).

## IV.   Motion to Dismiss FLSA Overtime Claims

### a. Legal Standard

The United States Supreme Court has established a two-part test to determine whether to grant a motion to dismiss.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  First, the court must ascertain whether the complaint is supported by well-pleaded factual allegations.  Iqbal, 556 U.S. at 679.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Twombly, 550 U.S. at 555.  In turn, these factual allegations must be sufficient to provide a defendant the type of notice contemplated in Rule 8.  See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim showing the pleader is entitled to relief); see also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

Taking the well-pleaded facts as true, the court must then determine whether the plaintiff is "plausibly" entitled to relief.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  That is, the pleadings must contain enough factual content to allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 679.  In short, a complaint must not only allege entitlement to relief, but must also demonstrate such entitlement with sufficient facts to push the claim "across the line from conceivable to plausible."  Id. at 683; accord Holmes v. Gates, 403 Fed. App'x 670, 673 (3d Cir. 2010).

As a general matter, a district court ruling on a motion to dismiss or judgment on the pleadings may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be

considered without converting the motion to dismiss pursuant to Rule 12(b)(6) into one for summary judgment pursuant to Rule 56.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (citations omitted).

### b.  Analysis

Defendants move to dismiss Count Two and Count Four of the Amended Complaint, both of which contain claims for unpaid overtime wages.  As the parties' briefs recognize, the key question raised by Defendants' Motion is whether the allegations that Plaintiffs "worked" some number of hours in excess of 40 in a specific workweek are sufficient to state a claim for overtime wages under the FLSA.

### i.  Parties' Arguments

Defendants argue that the Amended Complaint remains insufficient because, *inter alia*, Plaintiffs "have asserted no facts to suggest that they were actually working" within the meaning of the FLSA "just because Plaintiffs were logged into the Uber App."  (Defs.' Mot. at 2).  They argue that Plaintiffs are required to "show (and therefore plead) that they were 'employed' during the alleged uncompensated hours they have claimed to 'work.'"  (Id. at 4).  Defendants further contend that "[t]he closest analogy to the Plaintiffs' theory is that they were 'on-call'" while logged into the App, but Plaintiffs have not pleaded sufficient facts to support a claim under this theory because "Plaintiffs have not alleged facts . . . that their freedom to pursue personal activities [was] in any way circumscribed" while logged into the Uber App.  (Id. at 11).

Plaintiff responds that they have "precisely satif[ied]" the FLSA pleading standard announced in Davis v. Abington Memorial Hospital, 765 F.3d 236 (3d Cir. 2014), in that they alleged "a given workweek in which each Plaintiff worked over forty hours without receiving overtime pay."  (Pl.'s Opp'n at 3-4).  They further argue that the Court has already found that

Plaintiffs were "employed" by Defendants for purposes of the first element of an FLSA claim—the employer-employee relationship—and "[t]herefore, the [Amended Complaint] must also sufficiently allege that Plaintiffs were 'employed' during their overtime hours." (Id. at 5). Last, Plaintiffs argue that requiring them to "allege facts sufficient to demonstrate that he was 'employed' during each of the alleged overtime hours," as Defendants advocate, improperly heightens the pleading standard announced in Davis, and "convert[s]" a fact-intensive inquiry properly resolved, after discovery, on summary judgment or at trial into a pleading standard. (Id. at 8, 10).

### ii. Applicable Law

The FLSA "establishes federal minimum-wage, maximum hour, and overtime guarantees that cannot be modified by contract." Genesis Healthcare Corp. v. Symczyk, 133 S.Ct. 1523, 1527 (2013). Under the FLSA, employers are required "to pay their employees at least a specified minimum hourly wage for work performed, 29 U.S.C. § 206, and to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week, 29 U.S.C. § 207." [2] De Asencio, 342 F.3d at 306.

To state a *prima facie* claim for an FLSA overtime violation, a plaintiff must allege that: (1) the plaintiff was an "employee," as defined by the FLSA; (2) the defendant was "engaged in commerce," as defined by the FLSA; and (3) the plaintiff was not paid overtime compensation

---

[2]     Because the PMWA "substantially parallels" the FLSA, see 43 Pa. Stat. Ann. § 333.104(a), (c), federal courts are directed to interpretation of the FLSA when analyzing claims under the PMWA. See, e.g., Ford-Greene, 106 F. Supp. 3d at 610–13 (applying the Third Circuit's analysis in Davis to the plaintiff's claims under both the FLSA and PMWA); Philadelphia Metal Trades Council v. Konnerud Consulting W., A.S., 15-cv-5621, 2016 WL 1086709, at *5-6 (E.D. Pa. Mar. 21, 2016) (same). Accordingly, the Court will analyze the sufficiency of the allegations contained in Count Two, for violation of the FLSA, and Count Four, for violation of the PMWA, together, applying the FLSA's analytical framework.

for hours worked in excess of forty in a given week. [3]  See 29 U.S.C. § 216(b); Mell v. GNC Corp., 10–cv–945, 2010 WL 4668966, at * 5 (W.D. Pa. Nov. 9, 2010).

The leading case in the Third Circuit regarding (3)—the sufficiency of overtime allegations in the FLSA context—is Davis, 765 F.3d at 236.  In that case, adopting what it called a "middle-ground approach," the Third Circuit held that plaintiffs are not required to provide exact dates and times that they worked overtime to survive a motion to dismiss.  Davis, 765 F.3d at 241.  However, plaintiffs must "connect the dots between bare allegations of a 'typical' forty-hour workweek and bare allegations of work completed outside of regularly scheduled shifts, so that the allegations concerning a typical forty-hour week *include* an assertion that the employee worked additional hours during such a week."  Id. at 243 n.7 (emphasis added); Ford-Greene v. NHS, Inc., 106 F. Supp. 3d 590, 610 (E.D. Pa. 2015).  In sum, "plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."  Davis, 765 F.3d at 243 (citations omitted).

The FLSA does not define "work" or, more specifically, whether time spent on-call is considered "work" that is compensable.  However, the Supreme Court has held that, under certain circumstances, on-call time is compensable.  Armour & Co. v. Wantock, 323 U.S. 126, 133 (1944); Skidmore v. Swift & Co., 323 U.S. 134, 136 (1944).

The Third Circuit took up the question for the first time in the context of a summary judgment motion in Ingram v. County of Bucks, 144 F.3d at 265 (3d Cir. 1998).  There, the court

---

[3]  As set forth in a prior Order by this Court, Plaintiffs have adequately alleged the first and second prong of the *prima facie* case, see Razak v. Uber Techs., Inc., 2016 WL 5874822, at *4-5, and this memorandum focuses on the sufficiency of Plaintiffs' overtime allegations only.  Notwithstanding Plaintiffs' contention, the fact that Plaintiffs have adequately alleged the first prong—the existence of an employee-employer relationship—does not mean that they have satisfied the third prong, as articulated in Davis.  (See Pls.' Opp'n at 5).

recognized that, under Supreme Court precedent and Department of Labor regulations, on-call time may be compensable under the FLSA under two circumstances: (1) "if the employee is required to remain on premises[;]" or (2) "if the employee, although not required to remain on the employer's premises, finds his time on-call away from the employer's premises is so restricted that it interferes with personal pursuits." Id. at 268; see also Armour, 323 U.S. at 133; C.F.R. 553.221(c),(d).

With regard to (2), the Ingram court articulated a four-factor test to determine whether that type of on-call time is compensable:

(1) whether the employee may carry a beeper or leave home;
(2) the frequency of calls and the nature of the employer's demands;
(3) the employee's ability to maintain a flexible on-call schedule and switch on-call shifts; and
(4) whether the employee actually engaged in personal activities during on-call time.

Id. Only if these factors "reveal onerous on-call policies and significant interference with the employee's personal life" is the on-call time compensable. Cannon v. Vineland Hous. Auth., 627 F. Supp. 2d 171, 176–77 (D.N.J. 2008) (quoting Ingram, 144 F.3d at 268).

For instance, in Harris v. Mercy Health Corp., No. 97-cv-7802, 2000 WL 11300098, at *1 (E.D. Pa. Aug. 9, 2000), the court considered the plaintiff's FLSA claim for failure to provide him with "additional compensation" when he was "given a pager so that he could respond to . . . issues which arose . . . after regular business hours." Id. Because "[g]enuine issues of material fact exist[ed] concerning the frequency of calls or pages made to plaintiff and thus the extent to which the on-call policy interfered with his private life," the court found that summary judgment was inappropriate. Id. at *4. The court explained, "such interference with an employee's persona life, if proven, could be deemed 'significant,'" and therefore compensable. Id.

###### iii.   Application

Here, Plaintiffs have complied with the FLSA overtime pleading standard announced in

Davis in that they allege that each of Razak, Sabani and Cherdoud worked more than 40 hours in

a particular workweek.  (Am. Compl. ¶¶ 146(a), (b), (c)).  Plaintiffs have also attached to the

Amended Complaint exhibits that appear to show that the time Plaintiffs allege they "worked"

was, in reality, time that they were logged into the Uber App or on-call.[4]  However, pursuant to

Federal Rule of Civil Procedure 12(d)—which the parties ignore—the Court may not consider

matters outside the pleadings without converting the motion for judgment on the pleadings into

one for summary judgment.  See Fed R. Civ. P. 12(d); In re Burlington Coat Factory Sec. Litig.,

114 F.3d at 1426 ("As a general matter, a district court ruling on a motion to dismiss may not

consider matters extraneous to the pleadings [except for] a document *integral to or explicitly*

*relied upon in the complaint*[.]") (internal citations omitted) (emphasis in original).  Since the

exhibits attached to the Amended Complaint are not "integral" to Plaintiffs' Amended

Complaint, the Court relies only on the allegations contained in the Amended Complaint to

assess its adequacy.  See United States v. Gertsman, No. 15-8215, 2016 WL 4154916, at *3

(D.N.J. Aug. 4, 2016) (identifying cases where the "integral documents exceptions" is met).

The fact that Ingram was decided on summary judgment is meaningful because the Third

Circuit did not then—and has not since—had an opportunity to consider whether the factors

---

[4]      Compare Am. Compl. ¶ 146(a) ("During the week of November 30, 2015 through December 7, 2015, Razak worked at least 84 hours for Defendants") with Ex A (depicting a "weekly statement" from "11/30-12/07" during which "time online" totaled "84hr 4 min"); compare Am. Compl. ¶ 146(b) ("During the week of November 9, 2015 through November 16, 2015, Sabani worked at least 87.1 hours for Defendants") with Ex. B (depicting a "week in review" for the "[p]eriod [e]nding: November 16, 2015" during which "hours online" totaled "87.1"); compare Am. Compl. ¶ 146(c) ("During the week of December 21, 2015 through December 28, 2015, Cherdoud worked at least 84 hours for Defendants") with (depicting "weekly earnings" from "week of Dec 21" during which "online hours" totaled "49h 15m.").

bearing on the compensability of on-call time should be considered at the pleading stage. Importantly, Defendants do not point to any cases in this Circuit where the Ingram factors were applied at the pleading stage.  See, supra, Harris, 2000 WL 1130098, at *3.

The Ingram factors are relevant to the Plaintiffs' burden of proof that they were "working" while on-call.  However, the Court will not require Plaintiffs to plead with any more specificity than they already have.[5]  Plaintiffs have alleged that "[d]rivers who refuse a fare are subject to suspension and termination," and that "[d]rivers must wear certain business attire while working."  (Am. Compl. ¶¶ 89o, 89dd).  Details surrounding the "onerous" nature of these requirements will be learned through discovery.

The Court recognizes, however, that the question of whether Plaintiffs' on-call time is compensable under the FLSA is an important, potentially dispositive one in this case. Accordingly, notwithstanding the Court's conclusion that Plaintiffs have sufficiently alleged FLSA overtime violations, the Court intends to require expedited discovery regarding only the compensability of Plaintiffs' on-call time, i.e., the time during which Plaintiffs alleged they were logged into the Uber App.

---

[5]      The Court is aware that, in a similar case in the Eastern District of California, District Judge Edward M. Chen dismissed the plaintiffs' complaint on the basis that they had "failed to plead specific facts to support their claim" that "waiting time" was compensable under Massachusetts minimum wage and overtime laws.  Yucesoy v. Uber Techs., Inc., No. 15-cv-262 (EMC), 2016 WL 493189, at *5-6 (N.D. Cal. Feb. 9, 2016).  In so concluding, however, the court noted that determining the compensability of "waiting time" is "a fact-specific inquiry that looks [at] the degree to which an employee is free to engage in personal activities."  Id.  This Court finds that Plaintiffs should have an opportunity to engage in this fact-intensive inquiry by proceeding into discovery.

## I.        Motion to Strike

Defendants also move to strike from the Amended Complaint "paragraphs 61-62, 67, 72,

74-75, 79, 82-86, and 91 subpart n[6]; references to being a 'loan collector'[7] or 'debt collector' in

paragraphs 43-44; and the word 'illegal' in the title of Section E."  (See Defs.' Mot. at 16.)

 "The court may strike from a pleading an insufficient defense or any redundant,

immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "The purpose of a motion

to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into

immaterial matters."  McInerney v. Moyer Lumber & Hardware, 244 F. Supp. 2d 393, 402 (E.D.

Pa.2002).  A motion to strike is "not favored and usually will be denied unless the allegations

have no possible relation to the controversy and may cause prejudice to one of the parties."  Id.

Defendants argue that the above-identified paragraphs and phrases should be stricken

because (1) the allegations were rendered immaterial or impertinent when Plaintiffs' breach of

fiduciary duty claim was dismissed; or (2) the allegations are scandalous and "seek to cast a

disparaging and offensive light on Defendants."  (See Defs.' Mot. at 16).  Plaintiffs argues, by

contrast, that all of the contested allegation "relate to Plaintiffs' misclassification and wage

claims" and "speak to the egregious level of control Defendants exert over Plaintiffs."  (Pls.'

Opp'n at 17).

The Court will strike Paragraphs 82-86, which, as Defendants properly recognized, "were

included solely to support the breach of fiduciary duty claim," which has been dismissed with

prejudice.  (See Defs.' Mot. 16); see Williamsburg Commons Condo. Ass'n v. State Farm Fire &

Cas. Co., 907 F. Supp. 2d 673, 680 (E.D. Pa. 2012) (striking all allegations of "willful" or

---

[6]       Defendants inadvertently moved to strike paragraph 91(n), which does not exist, instead of paragraph 89(n).  (Defs.' Reply Br. at 12 n.5).  The Court therefore considers whether paragraph 89(n) should be stricken.
[7]       The words "loan collector" do not appear in paragraphs 43 or 44.

"wanton" conduct as "no longer pertinent" after dismissal of all claims for which punitive damages were permissible); <u>Medevac MidAtlantic, LLC v. Keystone Mercy Health Plan</u>, 817 F. Supp. 2d 515, 534 (E.D. Pa. 2011) (granting defendant's motion to strike plaintiff's request for attorney's fees because the only claim for which attorneys' fees were permissible had been dismissed).  Since they are "no longer pertinent," <u>Williamsburg</u>, 907 F. Supp. 2d at 680, they will be stricken.

The Court will not strike any other paragraphs because motions to strike are disfavored, and Defendants have not shown that they have "no possible relation" to the remaining causes of action or that they will cause prejudice to Defendants.  Many of them allege background information that may be relevant to determining Plaintiffs' status as employees or contractors, (<u>see</u> Am. Compl. ¶¶ 61-62; 89(n)).  While possibly marginal, the other paragraphs will remain in the case.  (<u>See</u> <u>id</u>. ¶¶ 43-44, 67, 72, 74-75, 79).

**V.     Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss will be **DENIED**, and Defendants' Motion to Strike will be **GRANTED** in part and **DENIED** in part.

An appropriate Order follows.

O:\Jessica.2016\16-cv-573 Razak v. Uber\Memo Re Motion to Dismiss Overtime & Strike_finaldocx.docx