IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI RAZAK, KENAN SABANI, AND KHALDOUN CHERDOUD,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC. AND GEGEN LLC,<br><br>　　　　Defendants. | Civil Action No. 2:16-cv-00573-MMB<br><br>Judge Michael M. Baylson |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION REQUESTING THE COURT TO INCLUDE A SEPARATE
JURY INSTRUCTION AND QUESTION REGARDING PENNSYLVANIA LAW**

Plaintiffs' motion requesting the Court to include a separate jury instruction and question regarding Pennsylvania law (ECF No. 151) seeks to relitigate issues this Court already decided, and which Plaintiffs not only waived but *conceded* on appeal to the Third Circuit—namely, (1) whether the Fair Labor Standards Act's economic realities test will guide the analysis of Plaintiffs' misclassification claim under Pennsylvania law; and (2) whether Plaintiffs, rather than Defendants, bear the burden of proving their own claims. This Court and the Third Circuit already ruled conclusively in the affirmative on both counts. Those rulings are now law of the case.

Plaintiffs' arguments are meritless in all events. They do not identify *any* authority applying the ABC test (or some other unnamed variant) to their state law claims. That is because the Pennsylvania Minimum Wage Act and FLSA contain the same definition of "employee." Where, as here, a "federal statute is identical in all material respects to the Pennsylvania … statute," courts should "look[] to federal decisions for guidance in interpreting" Pennsylvania law. *Commonwealth v. Garrison*, 386 A.2d 971, 976 n.5 (Pa. 1978). And as Plaintiffs concede (Mot. 9 n.7), courts construe the Pennsylvania Wage Payment and Collection Law in light of the Workers'

Compensation Act, which embodies a similar multi-factor classification test to the FLSA. *See Talarico v. Pub. Partnerships, LLC*, 837 F. App'x 81, 84 n.1 (3d Cir. 2020). So, this Court got it exactly right when it ruled on this issue more than five years ago, and there is no reason to revisit that conclusion now.

Further, Plaintiffs' motion is procedurally deficient. Although the Court established a pretrial schedule calling for proposed jury instructions in February 2024, Plaintiffs have filed this self-styled "miscellaneous motion" to force the issue of jury instructions on their own timetable. And although they present a meandering survey of decisional law in other contexts, they never actually propose any particular instructions or jury questions for this Court to rule on (much less for Defendants to respond to).

The motion is procedurally deficient, it ignores the law of the case as it has been applied to these proceedings, and it is wrong on the merits. The Court should summarily deny it.

**I.    The Law of the Case Doctrine Precludes Plaintiffs from Relitigating the Appropriate Standards for their Pennsylvania Claims.**

The law of the case doctrine compels denial of Plaintiffs' motion. Both this Court and the Third Circuit have squarely held in these proceedings that: (a) the FLSA will guide the analysis of Plaintiffs' status under Pennsylvania law; and (b) Plaintiffs bear the burden of proof to show that they were Defendants' employees under Pennsylvania law. It is too late for Plaintiffs to relitigate issues this Court and the Third Circuit conclusively resolved against them.

The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Speeney v. Rutgers*, 369 F. App'x 357, 359 (3d Cir. 2010) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)). The doctrine developed "to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *Bellevue*

*Drug Co. v. CaremarksPCS (In re Pharmacy Benefit Managers Antitrust Litig.)*, 582 F.3d 432, 439 (3d Cir. 2009) (quoting *Casey v. Planned Parenthood of Se. Pa.*, 14 F.3d 848, 856 (3d Cir. 1994), and *Arizona v. California*, 460 U.S. 605 (1983)). And it applies to bar re-litigation of matters that could have been decided in the first appeal. *See*, *e.g.*, *Singh v. Uber Techs., Inc.*, 67 F.4th 550, 563 (3d Cir. 2023) ("where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand" (citation omitted); *Beazer E., Inc. v. Mead Corp.*, 525 F.3d 255, 263 (3d Cir. 2008) ("any issue that could have been but was not raised on appeal is waived and thus not remanded" (citation omitted)).

Over five years ago, Defendants asserted in their motion for summary judgment that the test for evaluating an individual's employment status is the same under the FLSA and Pennsylvania law (including that Plaintiffs bear the burden of proving they were Defendants' employees). (ECF No. 114-2 at 5). In response, Plaintiffs conceded that "the test presently utilized in the Third Circuit for assessing whether UberBlack drivers are Uber's employees is termed the 'economic realities' test." (ECF No. 117 at 4). Plaintiffs asserted, however, that a few other states had in recent years shifted to the "ABC" test, which places the burden on the alleged employer to prove that the individuals are not employees. (*Id*. at 6). For support, Plaintiffs pointed to *Hargrove v. Sleepy's* and *Dynamex Operations W., Inc. v. Superior Court*—two of the cases featured prominently in Plaintiffs' current motion. (*Id.*) Plaintiffs thus urged this Court to apply the "ABC" test in lieu of the economic realities test and shift the burden of proof to Defendants.

On April 11, 2018, the Court granted Defendants' motion for summary judgment. (ECF No. 124). In doing so, the Court specifically observed that "Pennsylvania courts look to federal case law [regarding the FLSA] and the tests employed by the federal courts to determine if a defendant is an employer under the PMWA." (*Id*. at 13-14, quoting *Dep't of Labor & Industry v.*

*Stuber*, 822 A.2d 870, 873 (Pa. Commw. Ct. 2003), *aff'd* 859 A.2d 1253 (Pa. 2004)). And the Court rejected Plaintiffs' arguments in favor of a different standard, holding that "notwithstanding Plaintiffs' arguments based on New Jersey and California state law, the burden lies with Plaintiffs to prove that they are employees." (*Id.* at 26).

On appeal to the Third Circuit, Plaintiffs not only *waived* their argument that Pennsylvania law might impose a more lenient standard on the question of who constitutes an employee, but they *conceded* that "[i]n applying the state laws [specifically, the PMWA and WPCL], Pennsylvania courts consider cases addressing the FLSA's definition of employee to be persuasive authority." (Brief of Appellant at 21; *id.* at 44 (same)). Plaintiffs even acquiesced to this Court's determination that Pennsylvania law "mirrors the FLSA's definition of who is an employee." (*Id.* at 15).

On March 3, 2020, the Third Circuit reversed this Court's summary judgment order, finding that genuine disputes of material facts remained. *Razak v. Uber Techs., Inc.*, 951 F.3d 137 (3d Cir. 2020). Notably, however, the Third Circuit agreed with this Court with respect to the applicable standard to apply to Plaintiffs' state-law claim, noting that "Pennsylvania state courts have looked to federal law regarding the FLSA for guidance in applying the PMWA." *Id.* at 142. The Third Circuit also agreed with this Court that "[t]he burden lies with Plaintiffs to prove that they are employees." *Id.* at 143.

Having conceded that the economic realities test applies to their state law claims and that putative employees bear the burden of proving misclassification, it is too late for Plaintiffs to relitigate these matters five years after this Court rejected their arguments and three years after the Third Circuit affirmed the applicable standard. *See Singh*, 67 F.4th at 563 (plaintiff waived issue on remand after "[h]aving explicitly conceded the point in his first appeal"). These rulings have

4

long been the law of the case, and this Court should present jury instructions consistent with its (and the Third Circuit's) prior holdings with respect to the applicable legal standard. Plaintiffs' motion should therefore be denied.

## II. Plaintiffs' Motion Lacks Merit.

Even if the law of the case did not require that Plaintiffs' motion be denied, their arguments fail on the merits. Consistent with longstanding principles of statutory interpretation and well-settled precedent, this Court previously held that the economic realities test governs Plaintiffs' state law claims and that they bear the burden of proving those claims. The Court should reiterate that holding once more.

Where, as here, state law tracks the language of a preexisting federal statute, Pennsylvania courts will consider federal authority that existed at the time of the state law enactment. *See Garrison*, 386 A.2d at 976 n.5 ("Because the federal statute is identical in all material respects to the Pennsylvania … statute, this Court looks to federal decisions for guidance in interpreting [the Pennsylvania statute]."). In all material respects, the PMWA and FLSA define "employee" in exactly the same way. *Compare* 43 P.S. § 333.103(h) (defining employee to include "any individual employed by an employer"), *with* 29 U.S.C. § 203(e)(1) (with certain exceptions not relevant here, defining employee to include "any individual employed by an employer"). So "it is proper to give deference to federal interpretation of" the FLSA and apply the economic realities test to claims brought under the PMWA. *See Stuber*, 822 A.2d at 873 (noting that the definition of "employee" in the FLSA and PMWA are "virtually identical" and thus applying the FLSA's economic realities test); *see also Espinoza v. Atlas R.R. Constr., LLC*, 657 F. App'x 101, 105 (3d Cir. 2016) ("When the PMWA substantially parallels the FLSA, Pennsylvania and federal courts have used FLSA law for interpretative guidance because the statutes have similar purposes.").

Unsurprisingly, courts have uniformly and repeatedly done so—including in this very case. *See*, *e.g.*, *Razak*, 951 F.3d at 142 (applying economic realities test because "Pennsylvania state courts have looked to federal law regarding the FLSA for guidance in applying the PMWA"); *Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 229 (3d Cir. 2019) (same); *Talarico*, 837 F. App'x at 84 n.1 (same); *DeMarco v. FarmaceuticalRX, LLC*, 2023 U.S. Dist. LEXIS 40216, at *6 (W.D. Pa. Mar. 7, 2023) (same); *Pendleton v. JEVS Human Servs.*, 463 F. Supp.3d 548, 559 n.22 (E.D. Pa. 2020) (same); *Crump v. HF3 Constr., Inc.*, 2016 U.S. Dist. LEXIS 164027, at *7 (E.D. Pa. Nov. 29, 2016) (same); *Carr v. Flowers Foods, Inc.*, 2019 WL 2027299, at *13 (E.D. Pa. May 7, 2019) (same).

As for the WPCL (which does not define "employee"), Plaintiffs concede that "Pennsylvania courts have looked to the Workers' Compensation Act[]" in determining employment status. (Mot. 9 n.7). Because the Workers' Compensation Act, in turn, embodies a similar multi-factor classification test to the FLSA's economic realities test, courts have consistently applied the same basic analysis in evaluating WPCL and FLSA claims together. *See*, *e.g.*, *Talarico*, 837 F. App'x at 84 n.1 ("Our analysis with respect to the FLSA thus also applies to whether [defendant] is a joint employer under the … Pennsylvania Wage Payment and Collection Law."); *Carpenter v. Pepperidge Farm, Inc.*, 2023 U.S. Dist. LEXIS 121210, at *8 (E.D. Pa. July 14, 2023) ("although the employee/independent contractor analysis under the [FLSA] 'differs somewhat' from the WPCL analysis, FLSA cases are 'informative' in this area") (quoting *Estate of Accurso v. Infra-Red Servs., Inc.*, 805 Fed. App'x 95, 101 n.3 (3d Cir. 2020)).

Tellingly, Plaintiffs do not marshal a single case applying the ABC test (or any other unidentified standard) to either their PMWA or WPCL claims. Instead, Plaintiffs point to a few decisions arising in other contexts where Pennsylvania law deviates from federal law, supporting

6

the unremarkable proposition that federal and state law sometimes diverge. But none of these cases called into question this Court's (and the Third Circuit's) conclusion that the FLSA standard will guide the analysis of Plaintiffs' misclassification claim under Pennsylvania law.

In *In re Amazon.com, Inc.*, for example, the Pennsylvania Supreme Court held that time undergoing security screening was not excluded from compensable "hours worked" under the PMWA, even though such activity is not compensable under the FLSA. *Heimbach v. Amazon.com, Inc. (In re Amazon.com, Inc., Fulfillment Ctr. Fair Labor Standards Act (FLSA) & Wage & Hour Litig.)*, 255 A.3d 191 (Pa. 2021). The Pennsylvania Supreme Court explained that the only reason the activity was not compensable under the FLSA was that Congress amended the FLSA in 1947 when it enacted the Portal-to-Portal Act. *Id.* at 202. Because Pennsylvania did not incorporate the principles of the Portal-to-Portal Act into the PMWA (and, instead, because the Pennsylvania regulatory definition of "hours worked" tracked the federal understanding of that term ***prior to*** the Portal-to-Portal Act), the analysis of compensable "hours worked" under Pennsylvania law would not be guided by the Portal-to-Portal Act. *Id.*

Similarly, in *Chevalier v. General Nutrition Centers, Inc.*, the Pennsylvania Supreme Court noted that the PMWA regulations requiring a 1.5 multiplier to calculate overtime expressly adopted the FLSA's 0.5 multiplier approach for day rate and job rate compensation arrangements, but not for salary arrangements. 220 A.3d 1038 (Pa. 2019). And in *Bayada Nurses, Inc. v. Com., Dep't of Laor. & Indus.*, the Pennsylvania Supreme Court recognized that the PMWA regulatory definition of "domestic services" was narrower than the FLSA definition. 8 A.3d 866 (Pa. 2010). In each case, the PMWA regulations were written to provide additional protections that were not found in the FLSA. Here, in contrast, the Court is not faced with conflicting statutes or regulations, so there is no reason for this Court to deviate from the FLSA or revisit its prior decision.

7

Plaintiffs' reliance on *Lowman* is similarly misplaced, as *Lowman* did not have anything to do with the WPCL. In *Lowman*, the Pennsylvania Supreme Court merely considered whether a claimant who is otherwise entitled to unemployment compensation benefits due to a separation from employment becomes ineligible for those benefits as a result of being "self-employed" under the Unemployment Compensation Law. *Lowman v. Unemployment Comp. Bd. of Review*, 235 A.3d 278 (Pa. 2020). But the Unemployment Compensation Law—unlike the WPCL—has always supplied its own definition of "employment" and prescribes a two-part classification test (*see id.* at 282–83), and that statute existed when this Court, the Third Circuit, and the Pennsylvania Supreme Court in *Stuber* approved the application of the FLSA standard for WPCL claims. In short, *Lowman* did not change Pennsylvania law and has no bearing on whether an individual is an "employee" under the WPCL or PMWA.

Finally, there is no support for Plaintiffs' position that they should be presumed employees under Pennsylvania law. To the contrary, a veritable avalanche of authority makes clear that Plaintiffs bear the burden to prove they were Defendants' "employees" for purposes of their PMWA and WPCL claims. *See, e.g.*, *Malone v. UPS*, 2023 U.S. Dist. LEXIS 82010, at *10 (E.D. Pa. May 9, 2023) ("To prevail on a PMWA claim, [plaintiff] must demonstrate that (1) he and the other hourly workers were 'employees,' [and] (2) [defendant] was their 'employer' ...."); *Beauregard v. Broadway Elec. Serv. Corp.*, 2022 U.S. Dist. LEXIS 112581, at *13-14 (W.D. Pa. June 24, 2022) (similar); *Gitzen v. S&S, Inc.*, 2021 WL 6286382, at *3 (W.D. Pa. Nov. 23, 2021) (similar); *Williams v. Sweet Home Healthcare, LLC*, 325 F.R.D. 113, 126 (E.D. Pa. 2018) (similar); *Minehan v. McDowell*, 2023 WL 5432508, at *15 (E.D. Pa. Aug. 22, 2023) ("To prevail on a WPCL claim, a plaintiff must establish … the entity that withheld wages from the plaintiff is

8

an 'employer' under the WPCL"); *Sofranko v. Nw. Mut. Life Ins. Co.*, 2008 WL 145509, at *2 (W.D. Pa. Jan. 14, 2008) (similar).

In short, Plaintiffs ask this Court to offer a newfound, unspecified, and unsupported jury instruction based on a standard that the Pennsylvania Supreme Court has not annunciated. This Court is bound to follow the Third Circuit's decision that the economic realities test applies to Plaintiffs' state law claims and that they bear the burden to prove those claims. *See Smith v. Calgon Carbon Corp.*, 917 F.2d 1338, 1343 (3d Cir. 1990) ("[I]n the absence of a *clear* statement by the Pennsylvania Supreme Court to the contrary or other persuasive evidence of a change in Pennsylvania law, we are bound by the holdings of previous panels of this court.").

### III. Plaintiffs' Motion Is Procedurally Improper.

Plaintiffs' request that the Court give a separate jury instruction (and ask a separate question) regarding Plaintiffs' employment status under Pennsylvania law as compared to federal law is procedurally improper for two reasons.

*First*, it violates Local Rule 7.1(a) because Plaintiffs do not make clear exactly what Pennsylvania law instruction and question they want the Court to give. Instead, they vaguely suggest that it should be "more lenient" than federal law because it is "conceivable" that even the so-called "ABC" test (or a "similar test") might apply. (Plaintiffs' Motion at 2-3). Later, they contemplate whether the Court instead "may look to caselaw applying the Pennsylvania Unemployment Compensation Act and the Pennsylvania Workers' Compensation Act" when crafting jury instructions. (*Id.* at 8). Apparently unable (or unwilling) to commit to a position, Plaintiffs suggest that the Court "may even want to ask the question multiple ways." (*Id.* at 8-9). By the end of their 15-page exposition of the various ways courts have considered misclassification claims in various contexts, Plaintiffs are no closer to answering the first question that must be

asked any time a litigant files a motion in this Court: "What, exactly, do you want the Court to do?"

Local Rule 7.1(a) is designed to force litigants to answer that question in connection with every motion they file. It requires that "[e]very motion shall be accompanied by a form of order which, if approved by the court, would grant the relief sought by the motion." In this way, the Court knows what it is being asked to do. Plaintiffs violated Local Rule 7.1(a) by failing to include a proposed order requesting a specific jury instruction and/or question. Even if the Court were to consider instructing the jury about a "more lenient" test under Pennsylvania law (albeit a test that is not justified by existing authorities), the lack of a proposed order (coupled with Plaintiffs' indecisive motion) leaves the Court (and Defendants) with insufficient guidance as to how to proceed. The lack of a proposed order, standing alone, is more than sufficient reason for the Court to deny Plaintiffs' motion.

*Second*, Plaintiffs' motion circumvents the Court's pretrial orders. Section H(12) of this Court's Pretrial and Trial Procedures for Civil Cases provides that "[u]nless a specific date is set, at least three (3) days before the start of a jury trial, each party shall file: … (b) Proposed Jury Instructions with pinpoint citations of authority for each point; (c) Proposed Jury Interrogatories; and (d) Trial Memorandum on the legal issues involved in the case." Plaintiffs' motion is a thinly veiled attempt to evade these well-established procedures. While Plaintiffs request that the Court give separate (and "more lenient") jury instructions (and ask a separate question) regarding Plaintiffs' status under Pennsylvania law, they do not provide the actual proposed instructions and jury interrogatories, and they do not take a clear position on the legal issue discussed therein. Moreover, by presenting their discussion of the standard for establishing employment status in the form of a "motion for miscellaneous relief" filed more than two months before trial, Plaintiffs have

10

forced Defendants to prepare this memorandum in opposition long before the deadlines established by the Court for the submission of their position as to the appropriate jury instructions, jury interrogatories, and legal issues involved in the case.

Since Plaintiffs filed their motion, the Court entered its Report of Final Pretrial Conference. (ECF No. 153). In its report, the Court orders the parties to provide their "[p]oints of charge ... and proposed jury verdict forms" by February 27, 2024. (*Id*. at ¶ 7). As the deadline for filing materials pertaining to jury instructions and verdict forms is now set for February 27, the Court should deny Plaintiffs' premature "miscellaneous motion" seeking (unspecified) rulings on jury instructions and verdict forms.

## IV.   CONCLUSION

Plaintiffs' procedurally deficient motion ignores the law of the case and the ample federal and state authority that the Court should be guided by the FLSA when ascertaining their status under Pennsylvania law. Defendants respectfully request that the Court enter an order denying Plaintiffs' motion in its entirety.

Dated: December 22, 2023

Respectfully submitted,

*/s/ Robert W. Pritchard*
Robert W. Pritchard, Bar No. 76979
    rpritchard@littler.com
Joshua C. Vaughn, Bar No. 203040
    jvaughn@littler.com
LITTLER MENDELSON, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
Telephone: 412.201.7628
Facsimile: 412.774.1957

Paul C. Lantis, Bar No. 309240
    plantis@littler.com
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400

Philadelphia, PA 19102  
Telephone: 267.402.3073  
Facsimile: 267.402.3131

*Attorneys for Defendants*  
UBER TECHNOLOGIES, INC and  
GEGEN, LLC

**CERTIFICATE OF SERVICE**

I, Robert W. Pritchard, hereby certify that on this 22nd day of December 2023, Defendants' Opposition to Plaintiffs' Motion Requesting the Court Include a Separate Jury Instruction and Question Regarding Pennsylvania Law was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel and parties of record.

*/s/ Robert W. Pritchard*
Robert W. Pritchard