IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI RAZAK, KENAN SABANI, AND KHALDOUN CHERDOUD,<br><br>*Plaintiffs,*<br><br>v.<br><br>UBER TECHNOLOGIES, INC. AND GEGEN LLC,<br><br>*Defendants* | Case No. 2:16-cv-00573-MMB<br><br>Judge Michael M. Baylson |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION REQUESTING THE COURT TO INCLUDE A SEPARATE JURY INSTRUCTION AND QUESTION REGARDING PENNSYLVANIA LAW**

Plaintiffs Ali Razak, Kenan Sabani, and Khaldoun Cherdoud ("Plaintiffs") submit this reply in support of their Motion Requesting the Court to Include a Separate Jury Instruction and Question Regarding Pennsylvania Law. As set forth in Plaintiffs' motion (Dkt. 151), Plaintiffs simply ask that the Court give a separate jury instruction (and ask a separate question) regarding Plaintiffs' employee status under Pennsylvania law as compared to federal law, consistent with recent Pennsylvania Supreme Court precedent that has found Pennsylvania law to be broader and more protective of workers than the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Defendants oppose Plaintiffs' motion, insisting that the FLSA standard should be grafted onto Plaintiffs' Pennsylvania law claims and making three meritless arguments, which Plaintiffs address in turn herein.

*First,* Defendants argue that the "law of the case" doctrine prevents this Court from considering relevant developments in Pennsylvania law. But this argument misses the mark, as the recent Pennsylvania Supreme Court decisional authority that Plaintiffs point to were decided

1

*after* the Third Circuit ruled in this case, and, as such, the import of this authority with regard to this case was *never* before the Court or the Third Circuit in the first instance. The "law of the case" doctrine simply does not bar the Court from considering important developments in Pennsylvania law as Defendants suggest.

*Second,* Defendants take issue with the merits of Plaintiffs' argument that Pennsylvania law should be interpreted to be more protective of workers than the federal FLSA, insisting instead that the FLSA and Pennsylvania law must be applied in an identical fashion. But as explained in Plaintiffs' motion, the Pennsylvania Supreme Court has recently "disavow[ed]" such a strict grafting of FLSA principles on to the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq*. ("PMWA), *see In re Amazon.com, Inc.*, 255 A.3d 191, 202 n.5 (Pa. 2021). And while Defendants insist that Plaintiffs' Pennsylvania Wage Payment Collection Law, 43 P.S. § 260.1, *et seq*. ("WPCL") claim draws from the Workers' Compensation Act and carries a test identical to the FLSA, as explained in Plaintiffs' motion, because Pennsylvania courts may *also* consider the Unemployment Compensation Act standards when resolving WPCL claims, the Pennsylvania Supreme Court's recent *Lowman* decision (decided under the Unemployment Compensation Act) is particularly relevant to instant matter, given that it involved a substantially similar issue to the matter before the Court – namely, whether certain drivers of Uber are "independent contractors" or "employees."

*Finally,* Defendants argue that Plaintiffs' motion was procedurally infirm, and that the Court should deny Plaintiffs' motion because it did not include proposed jury instructions and that Plaintiffs' filing was purportedly premature. But Plaintiffs' motion simply requests that the Court permit a separate jury instruction and question under Pennsylvania law. Their motion is

not premature, as clarity is needed on this point *before* the parties submit their proposed jury instructions and verdict forms.[1]

As set forth herein and in Plaintiffs' motion, the Court should grant Plaintiffs' motion and permit the issuance of a separate jury instruction and question regarding Pennsylvania law.

**I.   The Court Can and Should Consider Recent Developments in Pennsylvania Law**

Defendants assert that the Court should reject Plaintiffs' motion, relying on the "law of the case" doctrine. But this argument should be rejected, as the "law of the case" doctrine is inapplicable here.

Indeed, while the "law of the case" doctrine "generally prevents relitigating an issue once it has been decided," *Paramount Fin. Commc'ns, Inc. v. Broadridge Inv. Commc'n Sols., Inc.*, 2023 WL 5635772, at *3 (E.D. Pa. Aug. 31, 2023), the doctrine "only precludes relitigation of issues that the parties had a full and fair opportunity to litigate." *Speeney v. Rutgers, The State Univ.*, 369 F. App'x 357, 360 (3d Cir. 2010). And here, the "law of the case" doctrine is plainly inapplicable, as the issue raised by Plaintiffs' motion has **_not_** previously been litigated and decided.[2]

---

[1]   In conferral with Defendants regarding this motion, Defendants agreed that the parties could put this issue before the Court prior to the deadline for submission of proposed jury instructions and verdict form. Now, in their opposition, Defendants have changed their position and argue that Plaintiffs submitted this issue to the Court prematurely. Plaintiffs recognized that this issue may take more time for the Court to consider than is typically required for resolving routine jury instruction disagreements and so chose to put this issue to the Court in advance of trial. However, the Court could, if it chooses, simply consider the issue and address it when it crafts the jury instructions and verdict form.
Also, as Plaintiffs noted in their motion, judicial efficiency would be better served by submitting a separate jury instruction and question on state law so that this case would not need to be retried, should Plaintiffs ultimately be proved correct on appeal following the trial regarding state law being broader and more protective than federal law.

[2]   It bears noting that the "law of the case" doctrine is not a restriction on the court's power, but is a discretionary doctrine." *Speeney v. Rutgers, The State Univ.*, 369 F. App'x 357, 359 (3d Cir. 2010).

Indeed, while Defendants point to prior briefing in this case and the Third Circuit's opinion reversing this Court's grant of summary judgment to Defendants, the issue of whether a separate instruction (and question) should be given to the jury in light of **_recent_** developments in Pennsylvania law has certainly **_not_** been previously litigated. And nor could it have been previously litigated –the Pennsylvania Supreme Court authority upon which Plaintiffs rely was decided **_after_** the Third Circuit ruled in this case. Thus, the impact of this recent authority on this matter generally has irrefutably not been litigated, and it certainly has not been litigated in the context of whether a separate jury instruction should be given in this case. For this reason alone, the law of the case doctrine is inapplicable. *See, e.g., Speeney*, 369 F. App'x at 361 (finding law of case doctrine inapplicable where party did not have the opportunity to litigate the merits of their claims); *cf., e.g., Alexander v. Fair Acres Geriatric Ctr.*, 2023 WL 4166456, at *3 (E.D. Pa. June 23, 2023) (finding law of the case doctrine inapplicable where "the legal issues resolved at the motion to dismiss stage involved different legal questions than those asserted in [Defendant's] motion for summary judgment"). And for this same reason, any suggestion by Defendants that Plaintiffs "waived" any argument premised on case law that had not been decided likewise fails.

To be sure, the relevant Pennsylvania Supreme Court decisional authority upon which Plaintiffs' motion relies – namely, *Lowman and In re Amazon* – were decided in July of 2020 and July of 2021 respectively, this argument ignores the development of Pennsylvania law **_following_** the Third Circuit's opinion in this case and which did not exist "five years ago," and which, as

4

explained throughout and in Plaintiffs' motion, calls into question the Third Circuit's statement suggesting that the FLSA standard applies to Plaintiffs' Pennsylvania law claims.[3]

The Court should accordingly reject Defendants' efforts to cast the law of the case doctrine onto the Third Circuit's summary judgment reversal, as the Third Circuit did not (and could not) consider the recent Pennsylvania Supreme Court precedent relevant to the Pennsylvania law claims at issue here. And what is more, the Third Circuit did not resolve the

---

[3]     Indeed, in March 2020, the Third Circuit reversed this Court's grant of summary judgment to Defendants with respect to Plaintiffs' employment status. *See Razak v. Uber Techs., Inc.*, 951 F.3d 137 (3d Cir. 2020), *amended,* 979 F.3d 192 (3d Cir. 2020). The Third Circuit found that genuine disputes of material fact existed with respect to application of the factors utilized to determine employment status under the FLSA. *Id.* And in its opinion, the Third Circuit cited *Dep't of Labor & Indus. v. Stuber* and noted that "[a]lthough Plaintiffs' case includes claims under the PMWA, Pennsylvania state courts have looked to federal law regarding the FLSA for guidance in applying the PMWA." *Id.* at 142 (citing *Dep't of Labor & Indus. v. Stuber*, 822 A.2d 870, 873 (Pa. Commw. Ct. 2003), *aff'd*, 580 Pa. 66, 859 A.2d 1253 (2004)).

However, **_following_** the Third Circuit's opinion in this matter, the Pennsylvania Supreme Court issued two critical opinions that are explained in greater detail in Plaintiffs' motion. **First**, In July 2020, the Pennsylvania Supreme Court decided *Lowman,* wherein the Court clarified the applicable standard for resolving whether an individual is an "employee" or "independent contractor" under the Pennsylvania Unemployment Compensation Act in a case involving – like the instant matter – whether an Uber driver was an "employee" or "independent contractor." *Lowman v. Unemployment Comp. Bd. of Rev.*, 661 Pa. 29, 235 A.3d 278 (Pa. 2020). **Second**, in July 2021, the Pennsylvania Supreme Court issued its *In re Amazon* opinion, in which it "disavow[ed]" a strict reading of *Stuber* – the case cited by the Third Circuit in this case and which Defendants advance here, *see* Opposition at 5-6. *In re Amazon,* 255 A.3d at 202 n.5 (Pa. 2021) ("To the extent that our *per curiam* affirmance of *Stuber* on the basis of the Commonwealth Court's opinion may be read as an endorsement of the principle that the PMWA and federal FLSA mirror each other in all respects and must always be interpreted similarly, we disavow such a reading."). As explained in Plaintiffs' motion, these recent cases strongly suggest that Pennsylvania law will *not* follow the FLSA on the question of whether an alleged employer has misclassified a worker as an independent contractor. Relevant here, neither the Third Circuit nor this Court – nor mostly importantly, the Pennsylvania Supreme Court -- have addressed this recent decisional authority and whether separate jury instructions should issue in this case.

question of whether a separate jury instruction should be given for Plaintiffs' Pennsylvania claims in any event.[4] As such, the "law of the case" doctrine is not applicable here.[5]

For these reasons, Defendant's reliance on "law of the case" doctrine should be rejected.

## II. The Court Should Reject Defendants' Efforts to Apply FLSA Principles to Pennsylvania Law

Defendants ask this Court to graft the standard of the federal FLSA onto Plaintiffs' PMWA and WPCL claims, but as set forth in Plaintiff's motion, recent Pennsylvania Supreme Court case law makes clear that Defendants' request should be rejected.

---

[4] It also bears noting that, as a general matter, courts have found that a denial of summary judgment does not constitute law of the case, as "[a] denial of summary judgment simply leaves an issue to be resolved at or prior to trial." *See, e.g., Ne. Pennsylvania Freethought Soc'y v. Cnty. of Lackawanna Transit Sys.*, 2017 WL 4319512, at *1 (M.D. Pa. July 6, 2017) quotation marks and citation omitted); *see also, e.g., Speeney v. Rutgers*, 673 F. App'x 149, 152 (3d Cir. 2016) (explaining that "a prior denial of summary judgment should not be viewed as law of the case since such a denial merely postpones decision of any question; it decides none. To give it any other effect would be entirely contrary to the purpose of the summary judgment procedure.") (alterations, quotation marks, and citations omitted); *Harry M. Weiss & Assocs., P.C. v. Eric Nelson Auctioneering*, 306 F. App'x 351, 352 (9th Cir. 2008) (explaining that "[t]he bankruptcy court did not ignore the law of the case because our previous decision simply reversed a grant of summary judgment" and "[t]he merits of the case were left to the trier of fact, the bankruptcy court, to decide"). And while Plaintiffs acknowledge that Defendants attempt to cast the "law of the case" doctrine on the legal standard utilized by the Third Circuit, as explained throughout, a strict application of that legal standard was subsequently undermined by the Pennsylvania Supreme Court, and the Third Circuit irrefutably did not consider the arguments that Plaintiffs advance now based on this (and other) subsequent authority.

[5] Plaintiffs also note that, even were the "law of the case" doctrine to apply to this case, it is well established that an *intervening change in the law* is an exception to the doctrine's application. *See, e.g., Purcell v. Pennsylvania Dep't of Corr.*, 2006 WL 891449, at *10 (W.D. Pa. Mar. 31, 2006) (explaining exceptions to "law of the case" doctrine where (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice"); 18B Wright, Miller & Cooper, § 4478 Law of the Case (3d ed.) ("Perhaps the most obvious justifications for departing from the law of the case arise when there has been an intervening change of law outside the confines of the particular case."). Thus, even were the doctrine applicable to this case (which it is not, as discussed above), the developments in Pennsylvania law discussed in Plaintiffs' Motion warrant a departure from a strict application of the doctrine.

6

*First,* with respect to Plaintiffs' PMWA claim, Defendants seemingly ignore Plaintiffs' motion and Pennsylvania law and ask this Court to automatically follow *Stuber* and find that the FLSA and PMWA are identical*, see* Opposition at 5-6.  But the Pennsylvania Supreme Court flatly rejected this proposition in *In re Amazon,* in which it "disavow[ed]" the strict reading of *Stuber* that Defendants advance here, explaining:

> . . . *Stuber* does not stand for the proposition that our Court *must* construe the PMWA and the federal FLSA in a parallel fashion. *See Bayada* [*Nurses v. Commonwealth Department of Labor and Industry*, 8 A.3d 866, 883 (Pa. 2010)] (rejecting argument that PMWA and federal FLSA must be read in *pari materia*). *Stuber* merely recognized that, where the statutory provisions of the enactments parallel each other, federal decisions construing the federal FLSA *may* be considered in interpreting the PMWA. . . . To the extent that our *per curiam* affirmance of *Stuber* on the basis of the Commonwealth Court's opinion may be read as an endorsement of the principle that the PMWA and federal FLSA mirror each other in all respects and must always be interpreted similarly, we disavow such a reading.

*In re Amazon.com, Inc.*, 255 A.3d at 202 n.5 (Pa. 2021) (emphasis in original).  The Pennsylvania Supreme Court in *In re Amazon* clarified the protective nature of Pennsylvania law as compared to federal law and made clear that courts should not automatically graft federal FLSA principles onto Pennsylvania law.[6]  And as explained in Plaintiffs' motion, there is a good likelihood that, when faced with this question, the Pennsylvania Supreme Court will adopt an ABC test, as was done in California and New Jersey -- or the unemployment test recently applied by the Pennsylvania Supreme Court to an Uber driver (finding him to be an employee).[7]

---

[6]     Moreover, as set forth in Plaintiffs' motion, the *Stuber* Court found that the PMWA (like Pennsylvania's unemployment compensation laws) carries a presumption that an individual is an employee (a presumption that the employer may attempt to rebut).  *See generally Stuber*, 822 A.2d 870.  Thus, the *Stuber* standard *necessarily* calls for a broader test than federal law.  As such, Plaintiffs submit that there is no question the Court should adopt the presumption utilized by the *Stuber* Court when instructing the jury on employee status under the PMWA.

[7]     Notably, the California Supreme Court also later determined that the ABC test it adopted applied retroactively; it was thus applied to a case that was filed a decade before the Court chose

*Second*, with respect to Plaintiffs' WPCL claim, Defendants do not dispute that when determining whether an individual is an "employee" and subject to the protections of the WPCL, Pennsylvania courts "have looked to similar statutes such as the Pennsylvania Unemployment Compensation Act and the Pennsylvania Workers' Compensation Act." *Williams v. Jani-King of Philadelphia Inc.*, 837 F.3d 314, 320 (3d Cir. 2016) (citing *Morin v. Brassington*, 871 A.2d 844, 849 (Pa. Super. Ct. 2005)); *see also, e.g., Deron v. SG Printing, Inc.*, 2012 WL 3992960, at *8 (M.D. Pa. Sept. 4, 2012) (same); *Frank Burns, Inc. v. Interdigital Commc'ns Corp.*, 704 A.2d 678, 680 (Pa. Super. Ct. 1997) (applying Unemployment Compensation Act and Worker's Compensation Act to define "employee" under WPCL).

Rather, Defendants insist that the Worker's Compensation Act (and FLSA principles) – *not* the Unemployment Compensation Act – should solely inform the jury instructions in this case, *see* Opposition at 6-9. But as set forth in Plaintiffs' motion, in light of recent, highly relevant Pennsylvania Supreme Court precedent – namely, *Lowman* – which clarified the standard for determining whether an individual is an "employee" or an "independent contractor" in the context of Pennsylvania's Unemployment Compensation Act (and in a case involving an Uber driver no less), Plaintiffs submit that the Court's jury instructions should draw from this standard instead. Further, drawing from *Lowman* would be consistent with the development of Pennsylvania law – as reflected in *In re Amazon* – to be separate from (and more protective than) federal law, as discussed throughout and in Plaintiffs' motion.

While Defendants ask this Court to apply federal law to Plaintiffs' state law claims, based upon the state of the law earlier in this case, Plaintiffs respectfully submit that the more recent

---

to adopt the test. *See Vazquez v. Jan-Pro Franchising, International*, 10 Cal.5th 944 (2021) (applying ABC test to misclassification case filed in 2008).

development of Pennsylvania law demands a different approach. Here, recent caselaw strongly suggests that Pennsylvania law will *not* follow the FLSA on the question of whether an alleged employer has misclassified a worker as an independent contractor. Plaintiffs thus respectfully request that this Court issue a separate instruction and question reflecting this recent caselaw.

### III.     Plaintiffs' Motion Should Not Be Rejected for the Procedural Reasons Defendants Contend

Defendants also raise procedural challenges to Plaintiffs' motion, which should also be rejected.

First, Defendants curiously label Plaintiffs' motion as "indecisive," *see* Opposition at 10. Defendants also simultaneously complain that, on the one hand, Plaintiffs did not submit proposed jury instructions with their motion, and, on the other hand, that Plaintiffs' motion is premature because it was filed before the date set by the Court for proposed jury instructions (a date that was set after Plaintiffs filed their motion). These arguments do not justify denial of Plaintiffs' motion.

Plaintiffs' motion simply requests that the Court issue a separate jury instruction and question under Pennsylvania law – in recognition of the diverging development of Pennsylvania law from federal law. Despite feigning confusion and calling Plaintiffs' request "indecisive," Defendants had no trouble responding to Plaintiffs' request, *see generally* Opposition. And Plaintiffs did not believe it was necessary to submit their precise draft instruction in order to raise the issue they have raised in their motion. Once Plaintiffs obtain the Court's decision on the motion, they can submit proposed Pennsylvania law instructions and question in accordance with the Court's order.

Defendants also point out that Plaintiffs did not submit a proposed order with their motion. Plaintiffs apologize for the oversight and attach a proposed order here as Exhibit A.

## IV. Conclusion

For the reasons stated above and as set forth in Plaintiffs' motion, the Court should instruct the jury separately on the Pennsylvania claims in this case and have the jury answer a separate question for the Pennsylvania claims.

Further, it would be in the interest of judicial economy for the Court to include a separate jury instruction and question under Pennsylvania law, so as to prevent the possibility of this case needing to be retried if Plaintiffs are correct that Pennsylvania law is broader and more protective than federal law (and if Plaintiffs do not prevail on their claim under the FLSA).

Dated: December 29, 2023

ALI RAZAK, KENAN SABANI, AND KHALDOUN CHERDOUD,

By their attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan (*pro hac vice*)
Thomas Fowler (*pro hac vice*)
Krysten Connon  (PA #314190)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com; tfowler@llrlaw.com;
kconnon@llrlaw.com

Jeremy E. Abay (PA # 316730)
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, Pennsylvania 19103
Tel: (215) 988-1462
Fax: (215) 754-5195
jea@pietragallo.com

Bret Stanley (*pro hac vice*)<br>
KHERKER GARCIA LLP<br>
2925 Richmond Ave., Suite 1560<br>
Houston, Texas 77098<br>
(713) 333-1030<br>
bstanley@kherkhergarcia.com

## **CERTIFICATE OF SERVICE**

I, Shannon Liss-Riordan, certify that on December 29, 2023, a true and accurate copy of the foregoing document was served on counsel for Defendants by the Court's CM/ECF System.

/s/ Shannon Liss-Riordan<br>
Shannon Liss-Riordan