IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI RAZAK, KENAN SABANI, AND KHALDOUN CHERDOUD,<br><br>        Plaintiffs,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC. AND GEGEN LLC,<br><br>        Defendants. | Civil Action No. 2:16-CV-00573-MMB<br><br>Judge Michael M. Baylson |

## **DEFENDANTS' STATUS REPORT IN SUPPORT OF RIGHT TO JURY TRIAL**

At the status conference on February 1, Plaintiffs' counsel stated that "it's possible that there aren't really any disputed facts" and suggested that the Court might not need to conduct a jury trial. The Court encouraged the parties to continue their discussions on the extent of disputed and undisputed facts. The Court directed the parties to file status reports by February 6, reporting on those discussions and describing what would be involved in a jury or nonjury adjudication. On the afternoon of the status conference, Defendants' counsel asked Plaintiffs' counsel to identify which facts they would admit as undisputed, including the facts set forth in: (a) Defendants' recent proposed stipulation of facts; and (b) Defendants' prior summary judgment submissions. (*See* Exhibit A, February 1 email). **Plaintiffs did not respond to Defendants' outreach**.

Plaintiffs have been insisting for *years* that genuine issues of fact exist on the question of their status as independent contractors or employees. The Third Circuit agreed with Plaintiffs that this case presents genuine disputes of material facts. *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 145 (3d Cir. 2020) (noting that Plaintiffs responded to Defendants' statement of undisputed material facts with "almost a hundred pages of disputes"). Plaintiffs even refuse to stipulate for purposes of trial to facts they previously admitted were undisputed—even suggesting that they may

introduce evidence *contradicting* their prior admissions. *See* Motion *in Limine* re Admissions (ECF 186). Accordingly, there remain "almost a hundred pages of disputes" about the facts—and possibly more, if Plaintiffs are allowed to introduce evidence contradicting their prior admissions.

## I.   EXISTENCE OF GENUINE ISSUES OF FACT MEAN THAT THE JURY MUST RESOLVE WHETHER PLAINTIFFS WERE DEFENDANTS' EMPLOYEES.

"The right of trial by jury as declared by the Seventh Amendment to the Constitution ... is preserved to the parties inviolate." FED.R.CIV.P. 38. Once a jury trial has been demanded, as here, a trial by jury must take place unless: (a) all parties stipulate; or (b) the Court finds there is no federal right to a jury trial. *See* FED.R.CIV.P. 39. Defendants do not stipulate to a nonjury proceeding on the question of whether Plaintiffs were Defendants' employees, and Defendants are entitled to a jury trial on that issue. The Court should proceed with the jury trial on March 4, as scheduled. (ECF 153). The jury should be instructed on the applicable "economic realities" test and asked to decide—in light of the "circumstances of the whole activity"—whether Plaintiffs proved, by a preponderance of the evidence, that they were Defendants' employees.

It is well established that there is a right to a jury trial in a private action under the FLSA. *Lorillard v. Pons*, 434 U.S. 575, 580 (1978). A threshold question in such cases—whether the worker is an employee entitled to the protections of the FLSA—presents a mixed question of fact and law. *Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 229 (3d Cir. 2019); *Acosta v. Heart II Heart, LLC*, 2019 WL 5197329, at *5 n.3 (W.D. Pa. Oct. 15, 2019). The fact component is the combination of disputed and undisputed facts that comprise the economic relations between the worker and the alleged employer. *Verma*, 937 F.3d at 229. The law component is the ultimate conclusion of whether those facts make a worker an "employee" or "independent contractor." *Id.*

When "one or more genuine issues of fact concerning the relevant economic relations ... preclude a trial court from drawing a conclusion as a matter of law on the 'employee' or

'independent contractor' issue [, ...] the issue would go to trial, with the jury resolving it through either special interrogatories or by deciding the classification issue." *Verma*, 937 F.3d at 229; *see also Acosta*, 2019 WL 5197329, at *5 n.3. Even if the parties could stipulate to all relevant historical facts (a highly dubious proposition), the case must still go to a jury. A trial is required "[w]here ... reasonable minds might differ as to the inference which might be drawn even from the undisputed facts." *Frey v. Woodard*, 748 F.2d 173, 176 (3d Cir. 1984). Even where the historical facts are undisputed, genuine disputes remain about how to weigh those historical facts within the various "economic realities" factors that guide the analysis. For example, the Third Circuit already determined there were "genuine disputes" about "the degree of permanence of the working relationship" factor, not by pointing to disputes of historical fact, but by highlighting two undisputed historical facts that it perceived pointed in opposite directions on that factor. *Razak*, 951 F.3d at 147 ("On one hand, Uber can take drivers offline, and on the other hand, Plaintiffs can drive whenever they choose to turn on the Driver App, with no minimum amount of driving time required."). Even if the parties managed to agree on the historical facts, therefore, the inferences that could be drawn from those facts—and how they weigh in the overall assessment of the economic realities of the relationship between the parties—would remain in dispute. As such, the question of whether Plaintiffs were independent contractors or employees must be tried to a jury.

**II.    THE JURY SHOULD BE CHARGED WITH DECIDING THE ULTIMATE QUESTION OF WHETHER PLAINTIFFS WERE DEFENDANTS' EMPLOYEES.**

Where disputed issues of fact preclude the court from drawing a conclusion as a matter of law, it is appropriate for the jury to decide the classification issue. *Verma*, 937 F.3d at 229. Defendants submit that the jury should be instructed on the applicable "economic realities" test and charged with deciding the classification issue with a simple verdict form asking whether Plaintiffs proved, by a preponderance of the evidence, that they were Defendants' employees. This

3

approach has been adopted by courts across the country. For example, the Eleventh Circuit's Pattern Civil Jury Instructions include a model instruction that explains the "economic realities" test to the jury and directs the jury to decide whether the plaintiff was an independent contractor or employee. Pattern Civ. Jury Instr. 11th Cir. 4.14 & 4.24 (2022) (Exhibit B). The corresponding special interrogatory to the jury asks simply: "Do you find from a preponderance of the evidence ... [t]hat [plaintiff] was an employee of [defendant] ... ?" *Id.* The Fifth Circuit provides a similar model jury charge. Pattern Civ. Jury Instr. 5th Cir. 11.26 (2020) (Exhibit C).

Not surprisingly, federal courts have adopted jury instructions and verdict questions directing the jury to consider the economic realities of the relationship between the parties and to decide the ultimate question of whether the plaintiff proved, by a preponderance of the evidence, that they were employees of the defendant. *See*, *e.g.*, *Braxton v. El Dorado Lounge, Inc.*, No. BPG-15-3661, 2018 WL 4643535 (D. Md.) (Exhibit D); *Anderson v. DIRECTV LLC*, No. CV 14-02307, 2017 WL 5241997 (D. Ariz.) (Exhibit E) (jury charged with answering, "[w]as [plaintiff] an employee of DIRECTV?"); *Torralba v. Little India Grocery, Inc.*, No. 14Civ595, 2016 WL 4409232 (S.D.N.Y.) (Exhibit F) ("Was Santiago Torralba an employee of Little India Grocery or was he an independent contractor?"); *Santiago Pineda v. JTCH Apartments, LLC*, No. 3:13-cv-588, 2015 WL 1387725 (N.D. Tex.) (Exhibit G) ("Has Plaintiff Mr. Pineda proved by a preponderance of the evidence that he was an employee of Defendant JTCH Apartments LLC during the relevant time period? Answer "Yes" or "No"). Defendants intend to file proposed points for charge and a proposed verdict form that align with the approach taken in these cases. (ECF 153, setting February 27 deadline for the filing of proposed points for charge and verdict form).

Any potential alternative, such as using special interrogatories to resolve every single disputed historical fact (*e.g.*, "Did Plaintiff Ali Razak own Luxe Limousine Services, Inc. with his

4

brother?") would be impractical. There would be hundreds of such questions. Even asking the jury questions about the various "factors" that guide the economic realities analysis would be unworkable, as such questions are not "susceptible of a categorical or other brief answer." FED.R.CIV.P. 49(a). Many factors, such as "the degree of the alleged employer's right to control the manner in which the work is to be performed," do not allow a "yes / no" answer. Complicating matters further, "neither the presence nor absence of any particular factor is dispositive," and ascertaining Plaintiffs' status will require the jury to weigh the factors and conduct a wholistic assessment of the "circumstances of the whole activity." *Razak*, 951 F.3d at 143; *Verma*, 937 F.3d at 230; *cf.* Final Rule: Employee or Independent Contractor Classification Under the Fair Labor Standards Act, 89 Fed. Reg. 1638, 1669 (Jan. 10, 2024) ("the enumerated economic realities factors are not exhaustive, all relevant facts should be considered, and the focus of the determination should be grounded in the economic realities as opposed to any isolated factors").

Quite simply, it would be impossible to frame a jury question about the economic reality factors within the context of the "circumstances of the whole activity" without simply asking the jury the ultimate classification question. Consistent with the Third Circuit's holding in *Verma*, this Court should proceed with a jury charged with answering the ultimate question of whether Plaintiffs proved by a preponderance of the evidence that they were Defendants' employees.

Dated: February 6, 2024

Respectfully submitted,

*/s/Robert W. Pritchard*
Robert W. Pritchard, Bar No. 76979
rpritchard@littler.com
LITTLER MENDELSON, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
(p) 412.201.7600 (f) 412.456.2377

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 6th day of February 2024, Defendants' Status Report in Support of Right to Jury Trial was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel and parties of record.

                                                    */s/Robert W. Pritchard*