UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI RAZAK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., et al., <br><br> Defendants. | No. 16-cv-573-MMB <br><br> Judge Michael M. Baylson |

**MOTION BY THE COMMONWEALTH OF PENNSYLVANIA
TO FILE AMICUS BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION FOR A SEPARATE JURY INSTRUCTION AND QUESTION REGARDING
PENNSYLVANIA LAW**

The Commonwealth of Pennsylvania respectfully moves to file the attached amicus curiae brief (Exhibit A) in support of the Plaintiffs' motion for a separate jury instruction and question regarding Pennsylvania law.

District courts have "inherent authority" to permit amicus curiae to file briefs. *Liberty Resources, Inc. v. Philadelphia Housing Authority*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005) (citing *Avellino v. Herron*, 991 F. Supp. 3d 730, 732 (E.D. Pa. 1998)). Courts frequently welcome amicus briefs "where an issue of general public interest is at stake" or where amicus briefs "will ensure a complete and plenary presentation of difficult issues." *Id.* (internal quotations omitted). Thus, a court evaluating whether to permit the filing of an amicus brief considers whether: "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in

the case." *Liberty Res., Inc.,* 395 F.Supp.2d at 209 (citing *Sciotto v. Marple Newtown School Dist*. 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999)).

Here, the criteria to permit the filing of an amicus brief is sufficiently satisfied. First, the legal issues at stake carry profound ramifications for the general public interest, and the Commonwealth of Pennsylvania can provide context for the relevance of the specific state law claims raised in this case. It is also true that the Commonwealth has an interest in properly resolving whether the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101-333.115, and the Wage Payment and Collection Law, 43 P.S. §§ 260.1-260.45, must be interpreted as providing more protections to Pennsylvania's workers than the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. That interest derives from the Commonwealth's goal of ensuring that all remedial state statutes are given their fullest interpretation, as intended by the Pennsylvania General Assembly, to achieve their stated purpose. This Court's interpretation of the pending state law claims will have a deep impact on the legal protections available to members of Pennsylvania's workforce, in which the Attorney General, as the chief law enforcement officer of the Commonwealth of Pennsylvania, maintains a substantial interest.

For the reasons above, the Commonwealth's motion for leave to file the attached proposed amicus brief should be granted.

February 7, 2024                                      Respectfully submitted,

                                                      MICHELLE HENRY
                                                      Attorney General
                                                      Commonwealth of Pennsylvania

                                                      ELIZABETH SCHNEIDER
                                                      Chief Deputy Attorney General

                                                      _____

LISA EISENBERG
Deputy Attorney General
RYAN SYPNIEWSKI
Deputy Attorney General
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(215) 316-9807
leisenberg@attorneygeneral.gov
rsypniewski@attorneygeneral.gov

## CERTIFICATE OF SERVICE

    I, Ryan Sypniewski, Esq., hereby certify that on the date set forth below, I caused the foregoing Motion for Leave to File Amicus Brief in Support of Plaintiffs' Motion for a Separate Jury Instruction and Question Regarding Pennsylvania Law to be served on all parties of record via the Court's CM/ECF system.

Dated: February 7, 2024

                                          /s/ *Ryan Sypniewski*
                                          Ryan Sypniewski
                                          Deputy Attorney General