IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI RAZAK, KENAN SABANI, AND KHALDOUN CHERDOUD,<br><br>*Plaintiffs,*<br><br>v.<br><br>UBER TECHNOLOGIES, INC. AND GEGEN LLC,<br><br>*Defendants* | Case No. 2:16-cv-00573-MMB<br><br>Judge Michael M. Baylson |

**PLAINTIFFS' MEMORANDUM OF LAW**
**REGARDING NEXT STEPS IN JURY DELIBERATION**

Plaintiffs submit this Memorandum to set forth their position on the next steps the Court may take as the jury continues its deliberations on Monday, March 11, 2024.

First, Plaintiffs note that, during deliberations on Friday, the foreperson reported that the jury was deadlocked. While Defendants were willing to accept a verdict of seven jurors, and Plaintiffs were willing to accept a verdict of six jurors, Plaintiffs would now stipulate to accepting a 5 to 3 verdict.

Thus, before deliberations resume, Plaintiffs suggest that the Court instruct the jury that the parties have agreed to accept a less than unanimous verdict.

Also, on Friday afternoon when the jury reported it was deadlocked, the Court reiterated to the jury (in order to encourage it to reach a verdict) that Plaintiffs bear the burden of proof. Plaintiffs submit that this statement on its own was prejudicial to Plaintiffs, since the Court did not also remind the jury what the burden of proof is. Thus, Plaintiffs request that, before deliberations resume, the Court remind the jury that Plaintiffs bear the burden of proof, and that

1

the burden is a "preponderance of the evidence" standard, which requires only a finding of "more likely than not" that Plaintiffs are correct (i.e. that it is at least 51% likely that Plaintiffs are correct) -- and that this standard is not the more stringent "beyond a reasonable doubt" standard that applies in criminal cases.

Should further deliberations not result in a verdict, Plaintiffs suggest that the Court follow the inclination it expressed on Friday afternoon, which is to accept an advisory result from the jury, pursuant to Fed. R. Civ. P. 39(c)(1). Plaintiffs would agree to the Court providing the jury with a polling form, asking for a vote from the jury on each of the six economic realities factors. As Plaintiffs urged prior to the trial, the Court can then make the ultimate decision on employment status and consider the jurors' answers as it finds appropriate.

Indeed, Plaintiffs maintain that the ultimate question of employment status is for the Court to decide, with a jury responsible only for resolving material factual disputes.[1] *Razak v. Uber Technologies Inc.*, 951 F.3d 137, 144 (3d Cir. 2020) ("Here, the ultimate question of law is whether Plaintiffs are employees or independent contractors, which is for a judge to decide."); *Martin v. Selker Bros.*, 949 F.2d 1286, 1292 (3d Cir. 1991) ("The employment status of the station operators is a legal conclusion."); *Jimenez v. Best Behavioral Healthcare, Inc.*, 391 F. Supp. 3d 380, 387-94 (E.D. Pa. 2019) (employment status is a question of law for the court).

---

[1] Plaintiffs only asked, before the jury began deliberations, that the Court *not* include a special verdict form setting forth questions on all six factors because the Court planned to send the ultimate question to the jury. Now that the jury has failed to reach a verdict, however, and it appears that the Court must make the conclusion, Plaintiffs are content to have the Court ask the jury about each of the six economic realities factors.
Plaintiffs do not agree, however, to the Court asking additional questions (as it had proposed in its initial proposed jury verdict form).

In this situation, the Court's use of an advisory jury is entirely proper. Indeed, the Third Circuit contemplated a similar path in *Donovan v. DialAmerica Marketing, Inc.*, 757 F.2d 1376, 1381 (3d Cir. 1985). There, the District Court held a two-day evidentiary hearing before deciding the issue of employment classification under Fed. R. Civ. P. 52. The Third Circuit held that this "course of action was correct." *Id.*

Here, the Court would not even need to rely on Rule 52. The parties have a jury to advise the Court on the disputed facts (even if it does not reach a full unanimous verdict). Fed. R. Civ. P. 39(c)(1) provides that "In an action not triable of right, the court . . . may try any issue with an advisory jury." Given that the employment classification is an issue of law for the Court to decide, the Court would be well within its right to use the advisory jury mechanism and submit a poll to the jury on the various economic realities factors at issue. Other courts have taken that approach on employment misclassification questions. In *Jammal v. American Family Insurance Grp.*, an ERISA case, the court bifurcated the question employment classification from liability and held a twelve-day bench trial with an advisory jury. 2017 WL 3268032, at *2 (N.D. Ohio Aug. 1, 2017), rev'd on other grounds in 914 F.3d 449 (6th Cir. 2019).

This advisory jury process is not only proper, but would be far more efficient than retrying the entire case before a different jury.

Should the Court agree to make the decision on employment status, Plaintiffs would ask that the parties be given two weeks to submit post-trial briefs articulating their arguments as to how the Court should rule, based upon the poll results from the jury.

Dated: March 10, 2024

Respectfully submitted,

ALI RAZAK, KENAN SABANI, AND KHALDOUN CHERDOUD,

By their attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan (*pro hac vice*)
Thomas Fowler (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com; tfowler@llrlaw.com

Jeremy E. Abay (PA # 316730)
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, Pennsylvania 19103
Tel: (215) 988-1462
Fax: (215) 754-5195
jea@pietragallo.com

Bret Stanley (*pro hac vice*)
THE STANLEY LAW FIRM, PLLC
1700 Richmond Ave.
Suite 1700
Houston, Texas 77079
(832) 856-6486
Bstanley@stanleypllc.com

## CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, certify that on March 10, 2024, a true and accurate copy of the foregoing document was served on counsel for Defendants by filing on the Court's CM/ECF system.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan