IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI RAZAK, KENAN SABANI, AND KHALDOUN CHERDOUD,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. AND GEGEN LLC,<br><br>Defendants. | Civil Action No. 2:16-CV-00573-MMB<br><br>Judge Michael M. Baylson |

## **OBJECTION TO ADVISORY JURY PROPOSAL**

Uber and Gegen respectfully reiterate Defendants' constitutional and statutory right to a jury trial in this case and object to the Court taking the issues away from the jury in any way. To do so would constitute reversible error on appeal. On March 8, 2024, following the jury's notification to the Court that, after an afternoon of deliberations the jurors were unable to come to a verdict, this Court suggested that it believed it may have the authority to convert the jury's verdict to an advisory one, have the jury return some species of advisory special interrogatories, and to then rule itself on the ultimate question whether Plaintiffs are Defendants' employees or are instead independent contractors. Plaintiffs have now filed a "Memorandum of Law" endorsing some version of that idea. *See* ECF No. 262.

Uber strenuously objects. To do as the Court proposed (or Plaintiffs now suggest) would violate Defendants' constitutional and statutory right to a jury trial, Federal Rule of Civil Procedure 39, and also the mandate rule of the Third Circuit in this case.

**I.  The Court's Proposal Violates Federal Rule of Civil Procedure 39, the Seventh Amendment, and the FLSA.**

The Court's proposal articulated on March 8, 2024 in the afternoon session of jury deliberations violates Rule 39 and Defendants' constitutional and statutory rights. Rule 39(c) only applies to cases where there is no right to a jury trial in the first place and, as explained below, Uber has both a statutory and constitutional right to a jury trial in this case. Second, even if there were no jury trial right, Rule 39(c) cannot be used to transform the jury into an advisory one after the case is submitted. To rule otherwise would constitute reversible error on appeal.

**A.  Defendants Have Both Constitutional and Statutory Rights to a Jury Trial, So an Advisory Verdict Is Impermissible.**

Once a jury trial has been properly demanded, the case can proceed as a non-jury trial only if "there is no federal right to a jury trial" in the first place or "the parties agree, on the record, to a nonjury trial." *Houghtaling v. Eaton*, 559 F. Supp.3d 164, 167 (W.D.N.Y. 2021); *see also Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 968 (7th Cir. 2004). Indeed, Rule 39(a) says that a trial properly demanded "must be by jury" unless the parties stipulate otherwise or "there is no federal right to a jury trial." Fed. R. Civ. P. 39. A similar rule applies to advisory juries; a court can utilize an advisory jury trial only "[i]n an action not triable of right by a jury." Fed. R. Civ. P. 39(c).[1]

A party's right to a jury trial in a civil case can be guaranteed by either federal statute or the Seventh Amendment. *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S.

---

[1] Because Rule 39(c) is limited to "action[s] not triable of right by a jury," Fed. R. Civ. P. 39(c), the parties can consent to the use of an advisory jury only if they waive their right to a jury trial altogether. *See, e.g.*, *Spann v. Lovejoy*, 2022 WL 1556327, at *2 (M.D. Ala. May 17, 2022); *Seven Seas Petroleum, Inc. v. CIBC World Markets Corp.*, 2012 WL 175415, at *3–4 (S.D. Tex. Jan. 20, 2012); *American Lumbermens Mut. Cas. Co. of Ill. v. Timms & Howard*, 108 F.2d 497, 500 (2d Cir. 1939). As noted, Uber does not agree to waive its right to a jury trial here.

558, 564-65 (1990); Fed. R. Civ. P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate."). Both sources protect Defendants' jury trial right here.

*First*, Defendants have a statutory right to a jury trial under the Fair Labor Standards Act (FLSA). "It [i]s well established that there was a right to a jury trial in private actions pursuant to the FLSA." *Lorillard v. Pons*, 434 U.S. 575, 580 (1978). Courts have "uniformly interpreted" the FLSA to incorporate an implicit Congressional authorization for a jury trial. *Bledsoe v. Emery Worldwide Airlines, Inc.*, 635 F.3d 836, 845 (6th Cir. 2011); *see also Lorilland*, 434 U.S. at 580 (noting that "every court" to consider this issue has "so held"); *Frizzell v. Sw. Motor Freight*, 154 F.3d 641, 644 (6th Cir. 1998); *Orenstein v. United States*, 191 F.2d 184, 190 (1st Cir. 1951); *Alexander v. Chattahoochee Valley Comm. Coll.*, 303 F. Supp. 2d 1289, 1292 (M.D. Ala. 2004) ("Courts have long held that the FLSA gives private plaintiffs the right to a jury trial").[2]

*Second*, the Seventh Amendment also protects Defendants' right to a jury trial. A "historic test" applies for determining whether the Seventh Amendment right attaches. 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2302 (West 4th ed. Apr. 2023 Update). Accordingly, to analyze whether a Seventh Amendment right to a jury trial exists, courts typically look at comparable 18th-century actions to see if those were triable by a jury. *Terry*, 494 U.S. at 565; *Tull v. United States*, 481 U.S. 412, 417–18 (1987). Courts have repeatedly recognized that such common-law analogues exist for FLSA cases. *See, e.g.*, *Garcia v. My Green LLC*, 2021

---

[2] The only authority Plaintiffs cite for the proposition that this Court could use Rule 39 to empanel an advisory jury is *Jammal v. American Family Insurance Grp.*, 2017 WL 3268032 (N.D. Ohio Aug. 1, 2017). That case is inapposite. As the Sixth Circuit held when reversing that decision on other grounds, and as Plaintiffs omit, "Plaintiffs seeking relief under ERISA generally have no right to have their claims decided by a jury." *Jammal v. Am. Fam. Ins. Co.*, 914 F.3d 449, 452 (6th Cir. 2019). That is unlike the FLSA, which has both a statutory and constitutional right to a trial by jury.

WL 2828853, at *1 (M.D. Fla. Apr. 30, 2021) ("[A] suit for lost wages under the [FLSA] carries a seventh amendment jury right." (quoting *Mitchell v. Consol. Freightways Corp.*, 747 F. Supp. 1446, 1451 n. 4 (M.D. Fla. Sept. 24, 1990) (citing *Wirtz v. Jones*, 340 F.2d 901, 904 (5th Cir. 1965)))). FLSA cases "are analogous to actions at law, e.g. debt or assumpsit" and thus "on proper demand, are triable before a jury." *Wirtz v. Jones*, 340 F.2d 901, 904 (5th Cir. 1965).

To be clear, Defendants' Seventh Amendment right is "inviolate," Fed. R. Civ. P. 38(a), and denying Defendants that right entitles them to immediate relief in the form of a writ of mandamus. *See Beacon Theaters, Inc v. West Over*, 359 U.S. 500, 511 (1969) ("[T]he right to grant mandamus to require jury trial where it has been improperly denied is settled."); *Dairy Queen, Inc v. Wood*, 369 U.S. 469, 472 (1962) (it is "the responsibility of the Federal Courts of Appeals to grant mandamus where necessary to protect the constitutional right to trial by jury"); *In re Baldwin*, 700 F.3d 122, 128 (3d Cir. 2012) ("The … Defendants correctly assert that writs of mandamus have issued to protect the right to a jury trial."); *Eldredge v. Gourley*, 505 F.2d 769, 770 (3d Cir. 1974) (granting a writ of mandamus to protect the right to a jury trial). The Court cannot use Rule 39 or any other procedural mechanism to abrogate that right by rendering any component of the jury's verdict advisory in any fashion. Moreover, any ruling by this Court that contradicts the jury's verdict would constitute a violation of the Seventh Amendment's Reexamination Clause. *See* U.S. Const. amend. VII (providing that "no fact tried by a jury" shall be "re-examined in any court of the United States").

**B. An Advisory Jury Cannot Be Used After the Case Has Been Submitted to the Jury.**

For an advisory jury to be instituted as this Court proposed, it must happen, at the latest, *before* the case is submitted to the jury. *Thompson v. Parkes*, 963 F.2d 885, 888 (6th Cir. 1992) ("[c]learly the rule requires that the court's initiative in ordering a trial to an advisory jury must

occur, and the parties be made aware of it, before the case is submitted").[3] "Basic considerations of fairness and due process require that the parties know to whom they are presenting their cases beforehand too." *Thomas*, 71 F.4th at 1314. A district court cannot "cast the jury in the atypical role of advisory commentator" without giving the parties advance notice. *Id.* This principle applies *even* where the parties had no jury trial right; once the case has been submitted to the jury, the judge cannot override that decision, regardless of whether there was a jury trial right in the first place. *See id.*

The ship has sailed on using an advisory jury in this case—it would be incredibly prejudicial to Defendants who prepared and presented their case to a jury they rightly believed would provide a binding verdict, and there is no "judicial veto power hidden within Rule 39(c)." *Thomas v. Broward County Sheriff's Office*, 71 F.4th 1305, 1314 (11th Cir. 2023). This case was submitted to the jury last Friday and it cannot be taken away as the Court proposed.

## II. The Third Circuit's Decision Mandates a Jury Trial.

Converting the jury to an advisory one over Defendants' objection would also violate the Third Circuit's mandate rule. It is axiomatic that "[t]his Court is bound by the rulings of the Third Circuit until that court changes its position." *Bistrian v. Levi*, 2023 WL 6927327, at *4 (E.D. Pa. Oct. 19, 2023). Part of that concept is the so-called "mandate rule," which states that "on remand for further proceedings after decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal." *Bankers Tr. Co. v.*

---

[3] *See also Bereda v. Pickering Creek Indus. Park, Inc.*, 865 F.2d 49, 53 (3d Cir. 1989) (where parties have merely consented to a non-advisory jury in a case where there is *no* jury trial right, "a district court must notify both sides of a jury's advisory status no later than the time at which the jury selection has begun"); *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 796 (5th Cir. 1999) (where parties have consented to a non-advisory jury in a case where there is no jury trial right, "the court must provide them advance notice if it intends to regard the verdict as advisory").

*Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir. 1985). Here, the Third Circuit has mandated that the ultimate issue be decided by a factfinder, and that factfinder was chosen already – the jury. *See Razak v. Uber Techs., Inc.*, 951 F.3d 137, 148 (3d Cir. 2020), *amended*, 979 F.3d 192 (3d Cir. 2020) (concluding that there were material factual disputes to be resolved either by "a jury or the District Court through a Rule 52 proceeding").

Under binding Third Circuit precedent, the question whether a worker is properly classified as an employee or independent contractor "is a mixed question of fact and law." *Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 229 (3d Cir. 2019); *see also Zheng v. Liberty Apparel Co. Inc.*, 617 F.3d 182, 185 (2d Cir. 2010) ("FLSA claims typically involve mixed questions of fact and law."); *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015) (same). And where, as here, there are "one or more genuine issues of fact concerning the relevant economic relations [that] … preclude a trial court from drawing a conclusion as a matter of law on the 'employee' or 'independent contractor' issue," the jury must "resolv[e] [those issues] through either special interrogatories *or by deciding the classification issue*." *Verma*, 937 F.3d at 229 (emphasis added); *see Zheng*, 617 F.3d at 185 ("[M]ixed questions [of law and fact] are "especially well-suited for jury determination" (quotation marks omitted)); *Watkins v. City of Montgomery*, 775 F.3d 1280, 1288 (11th Cir. 2014) ("Issues involving mixed questions of law and fact are typically resolved by juries."). Here, the parties and the Court *already submitted* the ultimate issue to the jury using the approved verdict form.

The Third Circuit has already recognized that there are "genuine disputes of material facts remain[ing]" in this case that must be submitted to a factfinder. *Razak*, 951 F.3d at 148. Because Defendants have both a constitutional and statutory right to a jury trial, *see supra* Part I, the factfinder to decide those disputes *must* be the jury. This case contains numerous disputed material

facts, as the Third Circuit explicitly acknowledged. *Razak*, 951 F.3d at 147 n.2; *see also Browning v. Ceva Freight, LLC*, 885 F. Supp. 2d 590, 608 (E.D.N.Y. 2012) (noting that the jury's task in a FLSA case such as this is to weigh the various factors under the "economic realities" test to determine whether "the balance tips in favor of independent contractor status"); *Werner v. Bell Fam. Med. Center, Inc.*, 529 F. App'x 541, 544 (6th Cir. 2013) ("the evidence pertaining to the 'economic reality' factors permitted multiple inferences and was thus an issue for the jury, and the jury reasonably concluded that the totality of the circumstances weighed against finding Werner an 'employee.'").

The jury, as the statutorily- and constitutionally-mandated factfinder here, must determine which inferences to make in order to resolve the ultimate classification question. To hold otherwise will constitute reversible error on appeal.

* * *

For these reasons, this Court should allow the jury to continue deliberations and come to a decision as required by the Seventh Amendment, the FLSA, the Mandate Rule, and Rule 39.

Dated: March 10, 2024                    Respectfully submitted,

*/s/Robert W. Pritchard*
Robert W. Pritchard, Bar No. 76979
rpritchard@littler.com
LITTLER MENDELSON, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
Telephone:   412.201.7600
Facsimile:   412.456.2377

Paul C. Lantis, Bar No. 309240
plantis@littler.com
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
Telephone: 267.402.3073
Facsimile: 267.402.3131

Attorneys for Defendants
UBER TECHNOLOGIES, INC. AND
GEGEN LLC

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March 2024, this Objection to Advisory Jury Proposal was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel and parties of record.

                                                                                                                */s/Robert W. Pritchard*