IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALI RAZAK, et al. | CIVIL ACTION |
|---|---|
| v. | NO. 16-573 |
| UBER TECHNOLOGIES, INC., et al. | |

### ORDER RE: ORAL ARGUMENT

**AND NOW**, this 25th day of April, 2024, it is hereby **ORDERED** that, at oral argument on May 1, 2024, the parties should be prepared to discuss, among other topics:

1. Whether, based on the trial record, it is undisputed that Plaintiffs could decide (1) what hours to work each day, (2) which days to work, and (3) where they drove.

    a. If so, whether the remainder of the record is so "critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief" to Plaintiffs. Trabal v. Wells Fargo Armored Serv. Corp., 269 F.3d 243, 249 (3d Cir. 2001).

    b. Any precedent that supports or undermines the notion that Uber's lack of control over whether, when, and where the drivers worked should be dispositive in a Rule 50 analysis, including Donovan v. DialAmerica Mktg., Inc., 757 F.2d 1376, 1384-85 & n.10 (3d Cir. 1985), Verma v. 3001 Castor, Inc., 937 F.3d 221, 230 (3d Cir. 2019), and Goldberg v. Whitaker House Coop., 366 U.S. 28, 30-32 (1961).

2. Whether the Third Circuit's decision in this case eliminated any issues for the jury, such as whether driving requires a special skill. See Razak v. Uber Techs., Inc., 951 F.3d 137, 147 (3d Cir.), amended, 979 F.3d 192 (3d Cir. 2020)

3. Whether the parties would be interested in mediation with a special master, either (1) before this Court rules on the parties' Rule 50 motions, or (2) before a new trial, if one is necessary.

4. Whether anything in footnote 7 in the Third Circuit's decision in this case regarding DialAmerica—which was a bench trial—affects the Court's authority to resolve the parties' post-trial motions here.

5. Whether—if this case must be retried—the Court could utilize an advisory jury under Rule 39, provided the Court gives the parties proper advance notice. In the alternative, whether the parties would consent to an advisory jury if this case must be retried.

6. Whether the Court's analysis of each factor under the economic realities test is a question of law or a question fact.

    a. What each parties' best precedent is on this issue.

7. Whether the Third Circuit's decision in <u>Martin v. Selker Bros.</u>—where the Third Circuit held that "the employment status of [plaintiffs] is a legal conclusion," and that its "standard of review of the legal determination of employee status is plenary," but that "the district court's findings of fact and the reasonable inferences in which it engaged are subject to the clearly erroneous standard," 949 F.2d 1286, 1292 (3d Cir. 1991)—answers this question.

8. Whether the jury's inability to reach a verdict here indicates that "as a matter of law, [] Plaintiffs did not meet their burden to show that they are employees of Uber." <u>Razak</u>, 951 F.3d at 142.

9. Whether Defendants' arguments with respect to the "invited error" doctrine mean Defendants concede that—absent Plaintiffs having allegedly waived their right to a jury trial—it would be error for this Court to rely on results of the non-unanimous poll under Rule 39.

    a. Whether the "invited error" doctrine only applies to (1) issues on appeal, or (2) instances in which an error has already occurred, after which a party asks a court revisit that error. Otherwise stated, whether the doctrine applies where a court has yet to make the invited error.

Counsel shall not file anything further prior to argument.

                              **BY THE COURT:**

                              <u>**/s/ Michael M. Baylson**</u>
                              **MICHAEL M. BAYLSON, U.S.D.J.**