IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALI RAZAK, et al. v. UBER TECHNOLOGIES, INC., et al. | CIVIL ACTION NO. 16-573 |
|---|---|

## ORDER RE: NEW JURY TRIAL

AND NOW, this 1st day of May, 2024, following the trial which took place in January 2024, on remand from the Third Circuit, a jury was unable to unanimously agree on a verdict on any of the issues presented. Counsel filed post-trial motions stating their legal positions and how they think the case should proceed following the non-unanimous jury poll. Both Plaintiff and Defendant have filed memoranda (ECF Nos. 279-84, 288) which the Court has reviewed carefully. Following oral argument this date, the Court has determined to empanel a jury for a second trial, to start on Monday, June 10, 2024, and to proceed along the following procedural pathway:

1. The Court intends to prepare and submit to the jury interrogatories which will require the jury to determine answers on specific key issues that the Third Circuit has identified are important in this case, as follows:

    a. Right to control

    b. Opportunity for profit or loss

    c. Investment in equipment or materials required for the tasks

    d. Special skills

    e. Degree of permanence

    f. Whether Plaintiffs are integral to Uber's business

    g. The overall economic realities of the working relationship

  2. The Court will allow each party to amend their current pleading to assert a declaratory judgment or similar action, as to which the trial testimony would apply, and if either or both parties agreed, or if not, the Court would reserve the right, if the jury did not reach a unanimous verdict, to make a decision on the declaratory judgment or similar claim whether presented by the parties or only one of them.

  3. The rationale behind this Order, is to allow the Court, in the event there is not a unanimous jury verdict, or even if there is, for the benefit of post-trial and appellate review, to make a decision based on post-trial motions, considering the jury's answers to the jury interrogatories and undisputed facts in the trial record, whether there is or is not a unanimous verdict, as a type of "advisory jury," <u>see</u> Federal Rule of Civil Procedure 39, which the Court could then "mold" into a final judgment that would be subject to appeal to the Third Circuit.

  4. The Court will require counsel to file any amended pleading and proposed jury interrogatories by May 15, 2024.  Responses are due to be filed by May 29, 2024.

  5. If neither party is inclined to file such an amended pleading, the Court gives notice that it may, in the event of a jury unable to reach a unanimous verdict once again, decide to take the jury's answers to the jury interrogatories, along with the trial record and undisputed facts, and then "mold" a verdict and judgment for review upon appeal by either or both parties to the Third Circuit.

  6. The Court will also require counsel to file any new or revised proposed jury instructions by May 15, 2024.  Responses are due to be filed by May 29, 2024.

7. The Court will have a final pretrial conference, by telephone for out-of-town counsel, on June 5, 2024, at 2:00 p.m. Counsel shall use the following dial-in AT&T conference call bridge for joining the call: (Dial: 888-278-0296 / Access Code: 4100#).

**BY THE COURT:**

**s/ Michael M. Baylson**

**MICHAEL M. BAYLSON**
**United States District Court Judge**

O:\CIVIL 16\16-573 Razak v Uber Technologies\16cv573 - Order after oral argument.docx