IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI RAZAK, KENAN SABANI, and KHALDOUN CHERDOUD,<br><br>        Plaintiffs,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC. and GEGEN LLC,<br><br>        Defendants. | Civil Action No. 2:16-CV-00573-MMB<br><br>Judge Michael M. Baylson |

**DEFENDANTS' BRIEF IN SUPPORT OF PROPOSED JURY INSTRUCTIONS**

Defendants Uber Technologies, Inc. and Gegen LLC, pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Court's May 1, 2024 Order (ECF 294), submit their jury instruction proposals.

**I.     RELEVANT BACKGROUND**

Prior to the first trial, the parties each filed their respective proposed jury instructions. (*See* ECF 234, 238). During the trial, the Court requested that Defendants submit a modified version of their proposed jury instructions. (Excerpts of March 6, 2024 Trial Transcript, Exhibit A, 155:12-21). The following morning, Defendants submitted revised proposed instructions. (Excerpts of March 7, 2024 Trial Transcript, Exhibit B, 4:20-5:9). A true and correct copy of Defendants' revised proposed instructions are attached as Exhibit C. Ultimately, the Court developed its own instructions to submit to the jury, incorporating certain of the parties' proposed instructions in part. (*See* Court's Jury Instructions Used to Charge Jury, Exhibit D). Defendants noted exceptions to several of the Court's instructions. (Excerpts of March 8, 2024 Trial Transcript, Exhibit F, 114:5 – 126:2).

On May 1, 2024, the Court ordered a second trial to start on June 10, 2024. (ECF 294). In its Order, the Court required the parties to "file any new or revised proposed jury instructions by May 15, 2024" (a deadline that was later extended to May 22). (*Id*. at ¶ 6; ECF 298).

## II. ARGUMENT

### A. Defendants' Revised Jury Instructions Provided to the Court on March 7 Should Be Adopted In Full.

Defendants submit that the revised jury instructions they submitted to the Court on March 7, 2024 (attached hereto as Exhibit C) should be adopted in full at the upcoming trial beginning June 10, 2024. (Exhibit B, 4:20-5:9; Exhibit C).[1]

### B. Alternatively, the Court Should Modify Its Prior Instructions.

In the alternative, Defendants submit that the Court should make certain revisions to the instructions it utilized in the first trial. Defendants' proposed revisions to the Court's jury instructions from the first trial are attached hereto as Exhibit E. Defendants respectfully submit this summary of the proposed revisions.

#### 1. Jury Instruction No. 5.

Jury Instruction No. 5, the instruction related to Uber's alleged right to control Plaintiffs' work – arguably the most important instruction in this case[2] – contained two critical legal errors.

First, the Court's instruction stated, in pertinent part, "Likewise, you may consider any requirements that Defendants imposed on workers, **even if Defendants did so for the purpose of complying with applicable law or regulations**. That said, it may be relevant

---

[1] Consistent with the Court's instructions, Defendants' proposed instructions are limited to the substantive jury instructions pertaining to the applicable independent contractor tests and factors.

[2] *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 145 (3d Cir. 2020) (noting that the right to control factor is "highly relevant").

whether Defendants imposed requirements that went beyond those required under applicable laws or regulations." (Exhibit D, emphasis added). This language is incorrect.

As a matter of law, requirements exerted by an alleged employer for the purposes of complying with applicable legal requirements are not "control" for purposes of classifying a worker as an employee. *Pendleton v. JEVS Human Servs., Inc.*, 463 F. Supp.3d 548, 553-56 & 561-63 (E.D. Pa. 2020); *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp.2d 901, 916 (S.D.N.Y. 2013) ("where a club implements regulations to assure compliance with law, those regulations are not evidence of the club's control"); 29 C.F.R. § 795.110(b)(4) ("Actions taken by the potential employer for the sole purpose of complying with a specific, applicable Federal, State, Tribal, or local law or regulation are not indicative of control.").[3]

Indeed, after reading the Court's jury instructions in the first trial, the Court acknowledged the error in the original instruction and provided the jury with clarification confirming that compliance with laws or regulations is not considered control under the economic realities test. (Exhibit F, 126:22-127:17; Excerpts of March 11, 2024 Trial Transcript, Exhibit G, 12:12-17).

Second, the Court's instruction failed to instruct the jury that whether Defendants set the Plaintiffs' schedules, explicitly limited the Plaintiffs' ability to work for others, or placed demands

---

[3] *See also* ECF 281 at 6-9, citing *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 382 (5th Cir. 2019) (requiring safety training and drug testing for workers at an oil-drilling site "is not the type of control that counsels in favor of employee status" where such requirements are "consistent with the Occupational Safety and Health Act"); *Iontchev v. AAA Cab Serv., Inc.,* 685 F. App'x 548, 550 (9th Cir. 2017) (affirming that drivers were independent contractors where the defendant "had relatively little control over the manner in which the [d]rivers performed their work" because its "disciplinary policy primarily enforced the [a]irport's rules and regulations governing the [d]rivers' cab operations and conduct"); *Moreau v. Air France*, 356 F.3d 942, 951 (9th Cir. 2003) (control exercised by defendant to "ensure compliance with various safety and security regulations" is "qualitatively different" from control indicative of employee status); *Chao v. Mid-Atl. Installation Servs., Inc.*, 16 F. App'x 104, 106 (4th Cir. 2001) (rejecting argument that "backcharging" workers for "failing to comply with various local regulations" demonstrates "the type of control characteristic of an employment relationship").

or restrictions on Plaintiffs that did not allow them to work for others or to work when they chose was relevant to the control factor. 29 C.F.R. § 795.110(b)(4).[4] The jury should be instructed about these highly relevant considerations.

Defendants' proposed revision correcting these errors, as outlined in Exhibit E, should be adopted in the Court's jury instructions for the second trial.

### 2. Jury Instruction No. 6.

Jury Instruction No. 6, the instruction related to opportunity of profit or loss, also contained a legal error. Specifically, the instruction stated, in pertinent part, "Moreover, in considering Plaintiffs' ability to drive for competitors as it pertains to profit or loss, **it is not what Plaintiffs could have done that counts, but as a matter of economic reality whether they actually did**." (Exhibit D) (emphasis added). However, the salient inquiry on this factor is not what Plaintiffs actually did, but instead, as the factor's name makes clear, the **opportunity** Plaintiffs had for profit or loss. *See Donovan v. DialAmerica Mktg., Inc.*, 757 F.2d 1376, 1387 (3d Cir. 1985) ("Moreover, **they faced a real opportunity** for either a profit or loss in their operations, depending upon the amount of their investment and their skills in management.") (emphasis added); *Cherichetti v. Pj Endicott Co.*, 906 F. Supp.2d 312, 317 (D. Del. 2012) ("The opportunity for profit or loss factor

---

[4] The Department of Labor promulgated this rule specifically to align "with **existing** judicial precedent and the Department's **longstanding** guidance." 89 Fed. Reg. 1638, 1639 (Jan. 10, 2024) (emphasis added). Rejecting comments that § 795.110(b)(4) represented a "departure[] from judicial precedent," the Department explained that the rule "is well-supported by the [existing] case law." *Id.* at 1655 (confirming that the rule would "align ... with the analysis presently applied by courts"). In other words, the rule may be new, but it merely reflects longstanding precedent. *See also* 86 Fed. Reg. 1168, 1247 (Jan. 7, 2021) (prior version of rule, based on then-existing precedent, explained that "[r]equiring the individual to comply with specific legal obligations ... does not constitute control that makes the individual more or less likely to be an employee"); Department of Labor's Final Rule Frequently Asked Questions, Question No. 4, Frequently Asked Questions - Final Rule: Employee or Independent Contractor Classification Under the FLSA | U.S. Department of Labor (dol.gov)) (noting that rule is "consistent with the FLSA and the decades of case law interpreting it").

**centers on whether Plaintiff had meaningful opportunities** for profit or any significant risk of financial loss, depending upon his managerial skill.") (emphasis added). Defendants' proposed edit correcting this error, as outlined in Exhibit E, should be adopted in the Court's jury instructions for the second trial.

### 3. Jury Instruction No. 7.

Jury Instruction No. 7, the instruction related to investment in equipment or materials, omitted essential language regarding the parties' "relative" investment. Specifically, the instruction stated, in pertinent part, "Under this factor, you may also consider the relative investment made by Plaintiffs, as compared to Defendants' investment in building and maintaining their business. That said, the extent to which Plaintiffs' investment were sufficient to independently operate in the transportation business is also relevant." (Exhibit D). As presented, this instruction misled the jury by suggesting the mere fact that Defendants have invested more in their businesses than Plaintiffs have invested in their businesses is somehow relevant.

Contrary to the instruction's language, the relative investment by dollar figure is not the inquiry. Instead, the factor merely considers "whether any investments by a worker are capital or entrepreneurial in nature." 29 C.F.R. § 795.110(b)(2). As the Department of Labor explained:

> The worker's investments need not be equal to the potential employer's investments and should not be compared only in terms of the dollar values of investments or the sizes of the worker and the potential employer. Instead, the focus should be on comparing the investments to determine whether the worker is making similar types of investments as the potential employer (even if on a smaller scale) to suggest that the worker is operating independently, which would indicate independent contractor status.

*Id.* Defendants' proposed revised language focuses the jury on the heart of this factor, which looks to what kinds of investments Plaintiffs made (even if on a smaller scale than Defendants). As the Department of Labor has explained, Plaintiffs could have made significant investments (and

thereby are more likely to be independent contractors) even if their investments were "on a smaller scale" or a smaller "dollar value" than Defendants' investments. *Id.* To avoid jury confusion and to conform the instruction's language to the purpose and inquiry of this factor, Defendants' proposed edit correcting this error, as outlined in Exhibit E, should be adopted in the Court's jury instructions for the second trial.

### 4. Jury Instruction No. 8.

Jury Instruction No. 8, the instruction related to whether services rendered by Plaintiffs required a special skill, contained language that would invade the jury's prerogative to analyze the evidence and make determinations as to whether Plaintiffs' services required a special skill or otherwise confuse the jury. Specifically, the instruction stated, in pertinent part,

> It is generally accepted that driving is not itself a special skill. Although there may be a distinction between "driving" and "replicating the limousine experience," that by itself is not usually sufficient to overcome the presumption that driving is not a special skill. Moreover, a worker's social skills, hygiene, or appearance do not typically qualify as special skills. Nor does a manager's ability to effectively manage their offices or teams.

(Exhibit D). While the Third Circuit used similar language in its opinion regarding the summary judgment record, we are now at the trial stage of this case, and it **is** the jury's prerogative to ultimately decide whether "replicating the limousine experience" is in fact a special skill based on the evidence presented at trial. Indeed, inclusion of language that "replicating the limousine experience **by itself is usually not sufficient**" and the other examples following it would not only seemingly take the decision related to this factor out from the jury's purview to decide whether Plaintiffs met their burden in proving whether the factor favors employment status, but also risks considerable jury confusion, as the jury would reasonably be left wondering in what instances replicating the limousine experience could be a special skill (if not "usually"). Indeed, as presently drafted, the jury received examples that do not allegedly equate to a special skill, without any

6

examples of what types of activities/characteristics could couple with replicating the limousine experience to be considered a special skill. Moreover, as the Department of Labor has clarified, the "special skill" factor: (a) asks whether the worker uses their skills *in connection with business-like initiative* (such as "for marketing purposes, to generate new business, and to obtain work from multiple companies"); and (b) considers the totality of the worker's work on the whole rather than isolating individual tasks. 89 Fed. Reg. 1638, 1711-15 (Jan. 10, 2024). Accordingly, to avoid risk of misleading and confusing the jury, this language should be modified as Defendants propose in Exhibit E.

### 5. Jury Instruction No. 10.

Jury Instruction No. 10, the instruction related to whether the service rendered by Plaintiffs is an integral part of Defendants' business, includes an unnecessary "consideration." Specifically, the instruction stated, in pertinent part, "In addressing that question, you may consider how Defendants advertised its business to customers." (Exhibit D). This specific example included is already subsumed earlier in the instruction, as it provides that "If Plaintiffs' services were an integral part of Defendants' business, this favors an employment relationship." (Exhibit D). Accordingly, the inclusion of the example related to advertising proves unnecessary and prejudicial to Defendants. Indeed, without an example that may favor a finding with respect to independent contractor status, the instruction facially leans in favor of Plaintiffs. To be sure, notwithstanding this specific "consideration," the Court generally balances the Parties' positions by explaining how considerations could favor both sides. Accordingly, Defendants' proposed edit removing this one-sided "consideration," as outlined in Exhibit E, should be adopted in the Court's jury instructions for the second trial.

### 6. Jury Instruction No. 12.

Jury Instruction No. 12, the instruction related to the Pennsylvania Wage Payment and Collection Law (WPCL), appears to inadvertently combine two factors into one. Specifically, factor 9 stated, "whether the work is part of the regular business of the employer, and the right to terminate the employment at any time." (Exhibit D). However, federal and state courts evaluating the independent contractor factors under the WPCL separate these two concepts into two different factors. *See Carpenter v. Pepperidge Farm, Inc.*, No. 23-2372, 2024 U.S. App. LEXIS 11409, at *3 (3d Cir. May 10, 2024) (non-precedential) (applying the WPCL's ten factor test); *Williams v. Jani-King of Phila. Inc.*, 837 F.3d 314, 320 (3d Cir. 2016); *Morin v. Brassington*, 871 A.2d 844, 850 (Pa. Super. Ct. 2005). Other courts' separation of these two concepts makes sense, as they are not otherwise related.

In addition, and in light of the Third Circuit's recent opinion in *Carpenter*, Defendants also propose the Court provide additional language regarding the right of control. Indeed, as explained by the Third Circuit, "[e]very job, whether performed by an employee or by an independent contractor, has parameters and expectations." *Carpenter*, No. 23-2372, 2024 U.S. App. LEXIS 11409, at *5-6. Thus, merely setting "parameters and expectations" for the performance of a job is not itself evidence of control. In contrast, "while a client can set the parameters and expectations it has for an independent contractor's performance, only an employer can both set parameters and expectations *and* direct the time, place, and manner in which an employee accomplishes them." *Id*. This explanation is critical to ensure the jury fully understands how to evaluate the right to control factor.

Defendants' proposed revision corrects the inadvertent error of combining two factors as well as provides additional clarification in light of *Carpenter*. These revisions, outlined in Exhibit

E, should be adopted in the Court's jury instructions for the second trial.

## III. CONCLUSION

For the reasons outlined herein, the Court should adopt in full Defendants' proposed revised jury instructions provided to the Court on March 7, 2024 during the first trial and attached hereto as Exhibit C. In the alternative, Defendants respectfully request that the Court adopt their proposed redline edits attached herewith at Exhibit E.

Dated: May 22, 2024                                          Respectfully submitted,

*/s/Robert W. Pritchard*
Robert W. Pritchard, Bar No. 76979
rpritchard@littler.com
LITTLER MENDELSON, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
Telephone:   412.201.7600
Facsimile:   412.456.2377

Paul C. Lantis, Bar No. 309240
plantis@littler.com
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
Telephone: 267.402.3073
Facsimile: 267.402.3131

Attorneys for Defendants
UBER TECHNOLOGIES, INC. and
GEGEN LLC

## CERTIFICATE OF SERVICE

     I hereby certify that on this 22nd day of May 2024, DEFENDANTS' BRIEF IN SUPPORT OF PROPOSED JURY INSTRUCTIONS was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel and parties of record.

                                                        */s/Robert W. Pritchard*