# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI RAZAK, KENAN SABANI, AND KHALDOUN CHERDOUD,<br><br>  Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. AND GEGEN LLC,<br><br>  Defendants. | Civil Action No. 2:16-cv-00573-MMB<br><br>Judge Michael M. Baylson |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Defendants Uber Technologies, Inc. and Gegen LLC ("Defendants"), pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Report of Final Pretrial Conference (ECF 153), submit their Proposed Jury Instructions as follows:

## **DEFENDANTS' PROPOSED INSTRUCTION NO. 1**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. In this case, the Plaintiffs – Ali Razak, Kenan Sabani, and Khaldoun Cherdoud – are individuals, and the Defendants – Uber Technologies, Inc. and Gegen LLC – are companies. A company is entitled to the same fair trial as an individual. All individuals and companies stand equal before the law, and are to be treated as equals.

**AUTHORITY:** 3 Fed. Jury Prac. & Instr. § 103:12 (6th ed.).

    Accepted ___        Accepted as Modified ___        Rejected ___

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2**

In this action, the Plaintiffs are Ali Razak, Kenan Sabani, and Khaldoun Cherdoud. The Defendants are Uber Technologies, Inc. and Gegen LLC.

The Plaintiffs assert claims against the Defendants under the Fair Labor Standards Act (FLSA), the Pennsylvania Minimum Wage Act (PMWA), and the Pennsylvania Wage Payment and Collection Law (WPCL). Specifically, the Plaintiffs allege that they were not paid minimum wage and overtime as required by the FLSA and PMWA, and that they were not paid on regular paydays as required by the WPCL. The FLSA, PMWA, and WPCL apply only to workers who are classified as "employees" under the law. Workers who are considered "independent contractors" are not covered by these laws.

**AUTHORITY:** *Razak v. Uber Technologies, Inc.*, 951 F.3d 137, 139-141 (3d Cir. 2020).

Accepted ___          Accepted as Modified ___          Rejected ___

## DEFENDANTS' PROPOSED INSTRUCTION NO. 3

To succeed on their claims against Defendants, therefore, Plaintiffs must first prove by a preponderance of the evidence that they were Defendants' employees during the relevant period. The relevant period for purposes of this trial runs from January 6, 2013, through January 10, 2018.

**AUTHORITY:** *Razak v. Uber Technologies, Inc.*, 951 F.3d 137, 143 (3d Cir. 2020); (ECF 148).

Accepted ___    Accepted as Modified ___    Rejected ___

## DEFENDANTS' PROPOSED INSTRUCTION NO. 4

*The Economic Realities Test*

The applicable test for determining whether a worker is an "employee" is known as the "economic realities" test. To determine whether each Plaintiff met his burden to prove that he was Defendants' employee, you must consider the circumstances of the whole activity, determining whether, as a matter of economic reality, each Plaintiff was Defendants' employee, or whether he was in business for himself.

There are any number of factors you may consider when making this assessment, based on all the evidence in the case. Those factors include:

(1) the degree of the Defendants' right to control the manner in which the work was to be performed;

(2) the Plaintiffs' opportunity for profit or loss depending upon their managerial skill;

(3) the Plaintiffs' investment in equipment or materials, or their use of helpers;

(4) whether the services Plaintiffs rendered required a special skill;

(5) the degree of permanence of the working relationship; and

(6) whether the services rendered were an integral part of the Defendants' business.

**AUTHORITY:** 3C Fed. Jury Prac. & Instr. § 175:30 (6th ed.); Final Rule: Employee or Independent Contractor Classification Under the Fair Labor Standards Act, 89 Fed. Reg. 1638 (Jan. 10, 2024); *Razak v. Uber Technologies, Inc.*, 951 F.3d 137, 144-145 (3d Cir. 2020); Pattern Civ. Jury Instr. 11th Cir. 4.14 & 4.24 (2022); Pattern Civ. Jury Instr. 5th Cir. 11.26 (2020); *Malone v. UPS*, 2023 U.S. Dist. LEXIS 82010, at *10 (E.D. Pa. May 9, 2023); *Beauregard v. Broadway Elec. Serv. Corp.*, 2022 U.S. Dist. LEXIS 112581, at *13-14 (W.D. Pa. June 24, 2022); *Gitzen v. S&S, Inc.*, 2021 WL 6286382, at *3 (W.D. Pa. Nov. 23, 2021); *Williams v. Sweet Home Healthcare, LLC*, 325 F.R.D. 113, 126 (E.D. Pa. 2018); *Minehan v. McDowell*, 2023 WL 5432508, at *15 (E.D. Pa. Aug. 22, 2023); *Sofranko v. Nw. Mut. Life Ins. Co.*, 2008 WL 145509, at *2 (W.D. Pa. Jan. 14, 2008) (similar); Defendants' Memorandum re Pennsylvania Law (ECF 157); Defendants' Status Report in Support of Right to Jury Trial (ECF 189) (explaining why the jury is ultimately charged with deciding whether Plaintiffs are employees or independent contractors); *Donovan v. DialAmerica Mktg., Inc.*, 757 F.2d 1376, 1382-83 (3d Cir. 1985) (outlining factors of "economic reality" test).

Accepted ___     Accepted as Modified ___     Rejected ___

## DEFENDANTS' PROPOSED INSTRUCTION NO. 5

*The Economic Realities Test (continued)*

Neither the presence nor absence of any particular factor is dispositive. No single factor is controlling and the foregoing list is not exhaustive. When considering whether each Plaintiff met his burden to prove that he was Defendants' employee, you must consider the circumstances of the whole activity, determining whether, as a matter of economic reality, each Plaintiff was an employee of Defendants, or whether he was in business for himself.

**AUTHORITY:** *Donovan v. DialAmerica Mktg., Inc.*, 757 F.2d 1376, 1382-83 (3d Cir. 1985); *Razak v. Uber Technologies, Inc.*, 951 F.3d 137, 143 (3d Cir. 2020); (ECF 148). 89 Fed. Reg. 1669 (Jan. 10, 2024); Pattern Civ. Jury Instr. 5th Cir. 11.26 (2020).

Accepted ___        Accepted as Modified ___        Rejected ___

## DEFENDANTS' PROPOSED INSTRUCTION NO. 6

*The Economic Realities Test*

**Factor 1: Degree Of The Defendants' Right To Control The Manner In Which The Work Was To Be Performed**

The degree of the Defendants' right to control the manner in which the work is to be performed is highly relevant. In an employer/employee relationship, the employer has the right to control the work of the employee, and to set the means and manner in which the work is done, as well as the hours of work. Actions taken by the alleged employer for the purpose of complying with a specific, applicable law or regulation cannot be considered as evidence of control. Contractual provisions may reflect and influence the economic realities of the relationship.

**AUTHORITY:** Pattern Civ. Jury Instr. 11th Cir. 4.24 (2022)*; Razak*, 951 F.3d at 145*;* 3C Fed. Jury Prac. & Instr. § 175:30 (6th ed.).

    Accepted \_\_\_    Accepted as Modified \_\_\_    Rejected \_\_\_

## DEFENDANTS' PROPOSED INSTRUCTION NO. 7

*The Economic Realities Test*

### Factor 2: Opportunity for Profit or Loss

In evaluating the Plaintiffs' opportunity for profit or loss depending upon their managerial skill, you may consider, for example, whether the worker has the opportunity to:

(1) accept or decline jobs (including choosing between different sources of work), or to choose the time in which the jobs are performed.

(2) engage in marketing, advertising, or other efforts to expand their business or secure more work; and

(3) make decisions to hire others and/or purchase materials and equipment.

**AUTHORITY:** 89 Fed. Reg. 1671 (Jan. 10, 2024).

Accepted ___    Accepted as Modified ___    Rejected ___

## DEFENDANTS' PROPOSED INSTRUCTION NO. 8

*The Economic Realities Test*

### Factor 3: Investment in Equipment or Materials, or their Use of Helpers

When considering the Plaintiffs' investment in equipment or materials required for their tasks, or their use of helpers, an independent contractor usually provides the tools, equipment, and supplies necessary to do the job, while an employee usually does not. A worker's purchase of tools and equipment for use performing multiple jobs for multiple employers can be a capital or entrepreneurial investment. If a cost is required by law or regulation (e.g., insurance), and the worker can choose among products based on their prices and coverages, then the cost of the product could be capital or entrepreneurial in nature and indicative of independent contractor status. If the worker is making investments of the type that allow the worker to operate independently in the worker's industry or field, then that fact suggests that the worker is in business for himself.

For example, a driver who wholly owns or is independently financing a single vehicle is making a quantitatively smaller investment (in dollars and size) than the alleged employer, but the driver is still making a sufficient investment so that the driver can operate independently in that industry, suggesting independent contractor status. The worker's investments need not be equal to the alleged employer's investments and should not be compared only in terms of the dollar values of investments or the sizes of the worker and the alleged employer. Instead, the focus should be on whether the worker is operating independently, which would indicate independent contractor status.

**AUTHORITY:** Pattern Civ. Jury Instr. 11th Cir. 4.24 (2022)*; Razak*, 951 F.3d at 145*;* 3C Fed. Jury Prac. & Instr. § 175:30 (6th ed.).

Accepted ____    Accepted as Modified ____    Rejected ____

## DEFENDANTS' PROPOSED INSTRUCTION NO. 9

*The Economic Realities Test*

**Factor 4: Whether The Services Plaintiffs Rendered Required A Special Skill**

In evaluating whether the services rendered required a special skill, you may consider whether the alleged employees have the skills necessary to locate and manage discrete work projects (characteristic of independent contractors), or whether the skills are of the task-specific, specialized kind that form a piece of a larger enterprise, suggesting employee status.

**AUTHORITY:** *Li v. Renewable Energy Solutions, Inc.*, 2012 U.S. Dist. LEXIS 22312, 2012 WL 589567, *9 (D.N.J. Feb. 22, 2012); *DeMarco v. FarmaceuticalRX, LLC*, Civil Action No. 2:22-cv-1164, 2023 U.S. Dist. LEXIS 40216, at *10-11 (W.D. Pa. Mar. 7, 2023).

Accepted ___      Accepted as Modified ___      Rejected ___

### **DEFENDANTS' PROPOSED INSTRUCTION NO. 10**

*The Economic Realities Test*

*Factor 5: Degree of Permanence of the Relationship*

Regarding the degree of permanence of the working relationship, this factor weighs in favor of the worker being an independent contractor when the work relationship is definite in duration, non-exclusive, project-based, or sporadic based on the worker being in business for himself and marketing his services or labor to multiple entities. An employee typically works exclusively for one employer, has a long-term relationship, and does not work on a project-by-project basis. Independent contractors generally offer their services to the public or others in a particular industry, have procured necessary licenses for the carrying on of their activities, and may have a business name, listing in the phone book, or other indicia of being in business (*e.g.*, advertisements, websites or social media presence promoting their business, business cards).

**AUTHORITY:** 89 Fed. Reg. 1685 (Jan. 10, 2024); Pattern Civ. Jury Instr. 5th Cir. 11.26 (2020); Pattern Civ. Jury Instr. 11th Cir. 4.24 (2022) ("How does [name of plaintiff] offer services? Independent contractors generally offer their services to the public or others in a particular industry, have procured the necessary licenses for performing their services, and may have a business name or listing in the phone book. Employees ordinarily work for only one or just a few employers, and do not have business names or listings.").

Accepted ___     Accepted as Modified ___     Rejected ___

# DEFENDANTS' PROPOSED INSTRUCTION NO. 11

*The Economic Realities Test*

### Factor 6: Whether the Service is Integral to Defendants' Business

Regarding the question of whether the service rendered is an integral part of Defendants' business, only work that is critical, necessary, or central to the alleged employer's principal business may be considered an integral part of the Defendants' business. Not all workers who perform integral work are employees; the totality of the circumstances must be considered to determine the ultimate question of whether a worker is economically dependent on the potential employer for work or is in business for himself.

**AUTHORITY:** 89 Fed. Reg. 1685, 1710 (Jan. 10, 2024).

        Accepted ___        Accepted as Modified ___        Rejected ___