# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI RAZAK, KENAN SABANI, AND KHALDOUN CHERDOUD,<br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. AND GEGEN LLC,<br>Defendants. | CIVIL ACTION<br><br>NO. 16-0573 |

## JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 1

Now that you have heard the evidence and the arguments of the attorneys, it becomes my duty to instruct you as to the law applicable in this case. Upon the conclusion of my instructions, you will retire to consider your verdict. You must determine the facts from all the testimony that you have heard and the other evidence which has been received during this trial. You are the sole judges of the facts. No one, not even the Court, may infringe upon this responsibility. You may entirely disregard any comments I may make as to my recollection of the evidence during the trial if your recollection of the evidence is different than mine. Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case.

On the other hand, and with equal emphasis, I instruct you that you must accept the rules of law as I will give them to you and apply that law to the facts you have found. You are not to be concerned with the wisdom of any rule of law and you are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole.

You must perform your duties as jurors without bias or prejudice to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect

1

that you will carefully and impartially consider all of the evidence, following the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**JURY INSTRUCTION NO. 2**

In this action, the Plaintiffs are Khaldoun Cherdoud, Kenan Sabani, and Ali Razak. The Defendants are Uber Technologies, Inc. and Gegen LLC.

The Plaintiffs assert claims against the Defendants under three different statutes: the Fair Labor Standards Act (FLSA), the Pennsylvania Minimum Wage Act (PMWA), and the Pennsylvania Wage Payment and Collection Law (WPCL). Specifically, the Plaintiffs allege that they were not paid minimum wage and overtime as required by the FLSA and PMWA, and that they were not paid on regular paydays as required by the WPCL.

The FLSA, PMWA, and WPCL apply only to workers who are classified as "employees" under the law. Workers who are considered "independent contractors" are not covered by these laws.

To succeed on their claims against Defendants, therefore, Plaintiffs must first prove by a preponderance of the evidence that they were Defendants' employees during the relevant period. I will explain exactly what "preponderance of the evidence" means shortly.

The relevant period for purposes of this trial runs from January 6, 2013, through January 10, 2018. Plaintiffs assert that they were Defendants' employees during this time period. In response, Defendants assert that Plaintiffs were not Defendants' employees, but instead were independent contractors.

The only issue for you to decide in this trial is whether Plaintiffs proved that they were Defendants' employees during the relevant period. You must make this determination for each Plaintiff for each of the three laws I mentioned: the FLSA, the PMWA, and the WPCL. In other

2

words, you must decide (1) whether Plaintiffs were Defendants' employees under the FLSA, (2) whether Plaintiffs were Defendants' employees under the PMWA, and (3) whether Plaintiffs were Defendants' employees under the WPCL. Therefore, in a moment, I will instruct you on the factors you may consider, for each specific law, to guide your decision.

## JURY INSTRUCTION NO. 3

Before I turn to the applicable law, however, I want to make clear that this is a civil case. Plaintiffs brought this lawsuit. Defendants are the parties against whom the lawsuit was filed. Plaintiffs have the burden of proving their case by what is called the preponderance of the evidence. That means Plaintiffs have to prove to you, in light of all the evidence, that what their claims are more likely so than not so. To say it differently: if you were to put the evidence favorable to Plaintiffs and the evidence favorable to Defendants on opposite sides of the scales, Plaintiffs would have to make the scales tip somewhat on their side. If Plaintiffs fail to meet this burden, the verdict must be for Defendants. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

## JURY INSTRUCTION NO. 4

Now I am going to instruct on the applicable law here. First, you will need to decide whether Plaintiffs were Defendants' employees under (1) the FLSA, a federal law, and (2) the PMWA, a Pennsylvania law. While the FLSA and PMWA are different laws passed by different legislatures, courts in Pennsylvania use <u>the same test</u> for distinguishing between employees and independent contractors for each law.

To determine whether a worker is an employee under both the FLSA and PMWA, courts consider the "economic realities" of the relationship of the parties. Under the "economic realities" test, six factors will guide your decision as to whether Plaintiffs were employees or independent contractors. Critically, however, no single factor is controlling, and the foregoing list is <u>not</u> exhaustive. These six factors include:

1) the degree of Defendants' right to control the manner in which Plaintiffs' work is to be performed;

2) Plaintiffs' opportunity for profit or loss depending upon Plaintiffs' managerial skill;

3) Plaintiffs' investment in equipment or materials required for Plaintiffs' task, or Plaintiffs' use of helpers;

4) whether the service rendered by Plaintiffs required a special skill;

5) the degree of permanence of the working relationship; and

6) whether the service rendered by Plaintiffs is an integral part of Defendants' business.

I will now discuss each of these factors in more detail.

## JURY INSTRUCTION NO. 5

The first factor is whether and to what extent Defendants had a right to control Plaintiffs' work. This factor is highly relevant to your determination, although, as just noted, it is not dispositive.

Defendants' actual control of the manner of work is not essential; rather, it is the right to control which is determinative. The more Defendants had the right to control the work to be accomplished and the manner and means by which Plaintiffs brought about results, the more this factor may weigh in favor of an employment relationship. The less Defendants had the right to control Plaintiffs' manner and means of work, the more this factor may weigh in favor of an independent contractor relationship.

When analyzing this factor, you may consider Defendants' control over the economic terms of the relationship, including Defendants' control over the amount paid to Plaintiffs and the amount charged to customers. Contractual provisions may also reflect and influence the economic realities of the relationship. For instance, whether workers set their own hours may be relevant.

You may also consider Defendants' level of direct supervision over Plaintiffs. A lack of direct supervision may weigh in favor of an independent contractor relationship, although Plaintiffs can still be employees even if no such supervision existed.

Likewise, you may consider any requirements that Defendants imposed on workers, even if Defendants did so for the purpose of complying with applicable law or regulations. That said, it may be relevant whether Defendants imposed requirements that went beyond those required under applicable laws or regulations. Similarly, you may consider the degree and extent to which Defendants could punish Plaintiffs for violations of any such requirements.

## JURY INSTRUCTION NO. 6

The second factor is whether Plaintiffs' opportunity for profit or loss depended on Plaintiffs' managerial skill. If Plaintiffs' managerial skill did not affect their opportunity for profit or loss, this may favor an employment relationship. Conversely, if Plaintiffs' managerial skill did affect Plaintiffs' opportunity for profit or loss, this may favor an independent contractor

relationship.

In analyzing this factor, you may consider Plaintiffs' risk of loss. The possibility of taking a loss may weigh in favor of an independent contractor relationship, while compensation at a predetermined rate and no risk of loss may weigh in favor of employment relationship.

Likewise, if Plaintiffs' compensation was on a take-it-or-leave-it basis, at a given rate, and with no opportunity to negotiate, that may favor an employment relationship. Conversely, if Plaintiffs were able negotiate compensation with Defendants, this may favor an independent contractor finding.

You may also consider whether Plaintiffs' opportunity for increased profits was due to technical proficiency or "hustle," rather than managerial skill. If Plaintiffs' ability to profit was solely due to technical proficiency and/or Plaintiffs' "hustle" or "initiative," that may weigh against an independent contractor relationship. By contrast, the more Plaintiffs' profits or losses depended on strategic decisions regarding when, where, and how Plaintiffs utilized Defendants' driver app to obtain more lucrative trip requests, the more this factor may favor an independent contractor relationship.

Other relevant considerations include whether and to what degree Plaintiffs had the opportunity to: (1) accept or decline jobs, or to choose the time in which the jobs are performed; (2) engage in marketing, advertising, or other efforts to expand their business or secure more work; and (3) make decisions to hire others and/or purchase materials and equipment.

Likewise, you may consider the extent to which Plaintiffs' ability to drive for Defendants' competitors and manage those different relationships affected Plaintiffs' ability to profit, along with any attempts by Defendants to frustrate Plaintiffs' efforts to do so. Moreover, in considering Plaintiffs' ability to drive for competitors as it pertains to profit or loss, it is not

what Plaintiffs could have done that counts, but as a matter of economic reality whether they actually did.

Lastly, you may consider the extent to which Defendants controlled (1) the fares and price setting for Plaintiffs' rides; (2) which driver receives a trip request; (3) whether to refund or cancel a passenger's fare; and (4) a driver's territory. Defendants' control over these variables may have decreased the effect that Plaintiffs' managerial skill had on Plaintiffs' profits, whereas a lack of control over these variables may have increased the effect of Plaintiffs' managerial skill.

## JURY INSTRUCTION NO. 7

The third factor is whether Plaintiffs invested in equipment or materials required for Plaintiffs' task, or otherwise used helpers to do so.

If Plaintiffs invested in tools, equipment, and supplies necessary to do the job for Defendants, or Plaintiffs otherwise used additional helpers to accomplish this work, that may favor an independent contractor relationship. If Defendants provided all such tools, equipment, and supplies, that may favor an employment relationship.

Under this factor, you may also consider the relative investment made by Plaintiffs, as compared to Defendants' investment in building and maintaining their business. That said, the extent to which Plaintiffs' investment were sufficient to independently operate in the transportation business is also relevant.

You may further consider (1) whether Defendants required Plaintiffs to obtain certain equipment and (2) whether Defendants helped Plaintiffs finance this equipment. Both of these may indicate that this factor favors an employment relationship. That said, even if Defendants did require such purchases, Plaintiffs' ability to use these tools and equipment to perform

7

multiple jobs for multiple employers may nonetheless favor independent contractor status.

**JURY INSTRUCTION NO. 8**

The fourth factor is whether the service rendered by Plaintiffs required a special skill. If the service does not require a special skill, that favors an employment relationship. If the service does require a special skill, that favors an independent contractor relationship.

It is generally accepted that driving is not itself a special skill. Although there may be a distinction between "driving" and "replicating the limousine experience," that by itself, is not usually sufficient to overcome the presumption that driving is not a special skill.

Moreover, a worker's social skills, hygiene, or appearance do not typically qualify as special skills. Nor does a manager's ability to effectively manage their offices or teams.

**JURY INSTRUCTION NO. 9**

The fifth factor is the degree of permanence of the working relationship. If a working relationship is definite in duration, non-exclusive, project-based, or sporadic based on the worker marketing or providing his services or labor to multiple entities, these characteristics may favor an independent contractor relationship. That said, if a worker provides service on behalf of an alleged employer over extended periods of time, this may favor an employment relationship.

Workers can be employees even if the workers do not work full time for a company. Workers also can be a company's employees even if they also perform work for other companies.

You may also consider whether a worker offers services to the public or others in a particular industry, has procured necessary licenses for the carrying on of their activities, or conveyed other indicia of being in business to the public (*e.g.,* advertisements, websites or social

media presence promoting their business, business cards), which may suggest a degree of impermanence.

## JURY INSTRUCTION NO. 10

The sixth and final factor is whether the service rendered by Plaintiffs is an integral part of Defendants' business. If Plaintiffs' services were an integral part of Defendants' business, this favors an employment relationship. If Plaintiffs' services were not an integral part of Defendants' business, this favors an independent contractor relationship.

In assessing this factor, you should consider whether Defendants would not be able to function without Plaintiffs or those in Plaintiffs' role. If so, that may favor an employment relationship.

Likewise, you should consider if Plaintiffs performed the sort of task that is within the Defendants' ordinary course of business. If so, that may favor an employment relationship.

You should also consider whether Defendants' business here is best characterized as (1) a technology company that supports drivers' transportation businesses, or instead (2) a transportation company that enters into working relationships with drivers. The former may indicate Plaintiffs were not integral to the business. The latter may indicate the opposite (i.e. that Plaintiffs were integral). In addressing that question, you may consider how Defendants advertised its business to customers.

## JURY INSTRUCTION NO. 11

As mentioned above, no single factor of the "economic realities" test is controlling. The presence or absence of any particular factor is not dispositive, and the foregoing factors are not exhaustive. When considering whether each Plaintiff met his burden to prove that he was Defendants' employee, you must consider the circumstances of the whole activity, determining

9

whether, as a matter of economic reality, each Plaintiff was economically dependent on Defendants and thus an employee, or instead in business for himself and thus an independent contractor.

Similarly, you may have heard during the trial that Defendants' contracts or internal documents labeled Plaintiffs as independent contractors. You may have also heard that Plaintiffs' own tax documents labeled Plaintiffs as independent contractors. While you may consider the parties' contemporaneous understanding of their relationship, these labels do not automatically mean Plaintiffs were properly classified as independent contractors under the law. Likewise, the fact that Plaintiffs may have formed corporate entities or LLCs may be relevant to whether Plaintiffs were in business for themselves, but need not be dispositive. The determination of whether Plaintiffs were employees or independent contractors requires you to carefully consider the factors I just explained and the totality of the circumstances for each Plaintiff.

## JURY INSTRUCTION NO. 12

After you decide whether each Plaintiff was an employee or independent contractor under the FLSA and PMWA, you will next need to decide whether each Plaintiff was an employee or independent contractor under the WPCL, a different Pennsylvania statute. Although the WPCL's test still requires you to consider the totality of the circumstances regarding the relationship between Plaintiffs and Defendants, courts have articulated a slightly different set of factors for you to consider. Those factors include:

(1) the control of the manner that work is to be done

(2) responsibility for result only

(3) terms of agreement between the parties

(4) the nature of the work or occupation

(5) the skill required for performance

(6) whether one employed is engaged in a distinct occupation or business

(7) which party supplies the tools

(8) whether payment is by the time or by the job

(9) whether the work is part of the regular business of the employer, and the right to terminate the employment at any time.

Unlike the test for the FLSA and PMWA, however, for purposes of the WPCL, the paramount factor is the right to control the manner in which the work is accomplished. More precisely, Defendants' control over the work to be completed and the manner in which it is to be performed are the primary considerations in determining employee status. As with the FLSA and PMWA, however, it is right to control that is significant, irrespective of whether Defendants actually exercised that control. You should keep the importance of this right to control factor in mind as you weigh the list of factors I just mentioned to determine whether each Plaintiff was an employee of Defendants or an independent contractor for the purposes of the WPCL.

## JURY INSTRUCTION NO. 13

I now want to instruct you on the types of evidence that you may consider when applying these tests. The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;
2. Documents and other things received as exhibits; and
3. Any facts that are stipulated--that is, formally agreed to by the parties.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;
2. Objections by lawyers.
3. Any testimony I tell you to disregard; and

11

    4. Anything you may see or hear about this case outside the courtroom.

  You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

  You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

  There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

  Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

12

## JURY INSTRUCTION NO. 14

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

## JURY INSTRUCTION NO. 15

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. As I explained at the beginning of the trial, you are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

    (1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

    (2) the quality of the witness's understanding and memory;

    (3) the witness's manner while testifying;

13

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

## JURY INSTRUCTION NO. 16

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

Certain depositions, or portions of depositions, have been presented to you at trial, either by video or by being read into the record. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

If the deposition testimony is read into the record, do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## JURY INSTRUCTION NO. 17

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

## JURY INSTRUCTION NO. 18

If you decide that a witness intentionally lied about a fact that may affect the outcome of the case, you may, for that reason alone, choose to disbelieve the rest of that witness's testimony.

14

But, you are not required to do so. You should consider not only the lie, but also all the other factors I have given you, in deciding whether to believe other parts of the witness's testimony.

## JURY INSTRUCTION NO. 19

You may have heard evidence that a witness made earlier statements inconsistent with his testimony in court. You may consider the earlier statements to evaluate the believability, in other words, the truthfulness and accuracy of the witness's testimony in court.

You may also find the earlier statement was true.

## JURY INSTRUCTION NO. 20

When you retire to the jury room to deliberate, you may take with you these instructions, your notes, and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel

toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.

You may not use any electronic device or means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or

16

another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.