# LICHTEN & LISS-RIORDAN, P.C.

ATTORNEYS AT LAW

HAROLD L. LICHTEN×
SHANNON LISS-RIORDAN×∆◊
SARAH SCHALMAN-BERGEN▪
MATTHEW W. THOMSON×
ADELAIDE H. PAGANO×
THOMAS P. FOWLER×◊
BRADLEY MANEWITH•
KRYSTEN CONNON^▪
JEREMY ABAY^▪◊

———————

OLENA SAVYTSKA×
MATTHEW CARRIERI×
SAMUEL DAVIS×▪
JACK BARTHOLET×
BENJAMIN J. WEBER× OF COUNSEL

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS 02116

76 E. EUCLID AVENUE, SUITE 101
HADDONFIELD, NJ 08033

———————
TELEPHONE 617-994-5800
FACSIMILE 617-994-5801

WWW.LLRLAW.COM
———————

× ADMITTED IN MASSACHUSETTS
∆ ADMITTED IN CALIFORNIA
◊ ADMITTED IN NEW YORK
▪ ADMITTED IN PENNSYLVANIA
• ADMITTED IN ILLINOIS
^ ADMITTED IN NEW JERSEY
♦ ADMITTED IN CONNECTICUT
▫ ADMITTED IN NORTH CAROLINA

May 22, 2024

**By ECF Only**

The Honorable Michael Baylson
U.S. District Court for the Eastern District of Pennsylvania
601 Market Street, Room 3810
Philadelphia, PA 19106-1751

> Re: *Ali Razak, et al. v. Uber Technologies, Inc., et al.*
> Case No. 2:16-cv-0573

Dear Judge Baylson:

This law firm represents Plaintiffs in the above matter. Please accept this letter as Plaintiffs' response to your May 13, 2024 correspondence, inviting the parties to comment on the Third Circuit's non-precedential decision in *Carpenter v. Pepperidge Farm, Inc.*, No. 23-2372, 2024 WL 2103257 (3d Cir. May 10, 2024).

The Third Circuit's opinion in *Carpenter* reaffirms that "[w]hether a worker is an employee or an independent contractor . . . is a mixed question of fact and law." *Id.* at *2 (quoting *Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 229 (3d Cir. 2019)). The opinion also confirms that this Court, and not a jury, should decide whether Plaintiffs were employees or independent contractors based on the factual record:

> The factual component addresses the underlying facts reflecting "economic relations" between the parties, while the legal component addresses whether those facts make a worker an "employee" or "independent contractor." The court then considers the legal question as applied to this factual record.

*Id.* (internal quotation marks and citation omitted).

L I C H T E N  &  L I S S - R I O R D A N ,  P. C.

      Having already developed a factual record at the first trial, this Court need not empanel another jury. Rather, this Court can and should itself decide whether Plaintiffs were employees or independent contractors under federal and state law. Under Rule 52 of the Federal Rules of Civil Procedure, this Court should "find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). Before doing so, this Court should allow the parties to submit trial briefs addressing their evidence and arguments at trial.

      Besides reaffirming this Court's status as the ultimate decision maker, the Third Circuit's decision in *Carpenter* is of no moment.

      The facts here are materially different from *Carpenter*, as made clear by the district court in that case. *Carpenter v. Pepperidge Farm, Inc.*, 2023 WL 4552291, at *9 (E.D. Pa. July 14, 2023). The plaintiffs in *Carpenter* owned distribution routes for which they delivered Pepperidge Farm food products to retail stores. They claimed to be employees under the Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1–260.45. They did not claim to be employees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, or Pennsylvania's Minimum Wage Act, 43 P.S. §§ 333.101–333.115 ("PMWA").

      The Third Circuit in *Carpenter* also failed to consider whether the ten-factor test discussed in *Williams v. Jani-King of Phila. Inc.*, 837 F.3d 314, 320 (3d. Cir. 2016), continues to govern claims under the WPCL. The plaintiffs in *Carpenter* never raised this issue. Here, in contrast, Plaintiffs have repeatedly argued that the Pennsylvania Supreme Court is likely to adopt a different test for claims under the WPCL and PMWA, such as an ABC or AC test similar to the Supreme Court's consideration of whether an Uber driver was an employee for unemployment purposes in *Lowman v. Unemployment Comp. Bd. of Rev.*, 235 A.3d 278, 281 (2020), as well as other recent state supreme courts' adoption of more protective tests for wage purposes in recent years.[1] *See Hargrove v. Sleepy's*, 106 A.3d 449 (N.J. 2015); *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal. 5th 903 (Cal. 2018).

      Respectfully,

*s/ Shannon Liss-Riordan*
Shannon Liss-Riordan

*Counsel for Plaintiffs*

cc:    Counsel of Record (by electronic notice)

---

[1] See ECF Nos. 151, 159, 169, 212, 238, and 280.