IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI RAZAK, KENAN SABANI, and KHALDOUN CHERDOUD, | Case No. 2:16-cv-00573-MMB |
| Plaintiffs, | Judge Michael M. Baylson |
| v. | |
| UBER TECHNOLOGIES, INC. and GEGEN LLC, | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR MISTRIAL AND DISMISSAL**

Plaintiffs Ali Razak, Kenan Sabani, and Khaldoun Cherdoud submit this opposition to Defendants Uber Technologies, Inc. and Gegen LLC's Motion to Strike Plaintiffs' Proposed Findings of Fact and Conclusions of Law (ECF 346).

**I.   INTRODUCTION**

Plaintiffs' Post-Trial Motion (ECF 344) requested alternative bases for relief, including an order adopting Plaintiffs' Proposed Findings of Facts and Conclusions of Law under Rule 52(a)(1). Uber now seeks to strike Plaintiffs' Proposed Findings on grounds that applying Rule 52 would violate its constitutional right to jury trial under the Seventh Amendment. (Defs.' Mem. 1, ECF 346).

The Court should reject Uber's argument for two reasons. First, Uber waived its alleged right to a jury trial by failing to demand a jury under Rule 38. Second, Uber has no right to a jury trial under the Seventh Amendment because the trial concerned only Plaintiffs' employment classification—a legal determination not rooted in common law. For these reasons, the Court may

1

decide whether Plaintiffs were employees or independent contractors through a Rule 52 proceeding.

## II. BACKGROUND

Plaintiffs filed this action in the Philadelphia Court of Common Pleas in January 2016. (ECF 1). Uber removed the case to this Court then answered Plaintiff's original Complaint. (ECFs 1, 7). Uber's Answer did not demand a trial by jury under Rule 38. (ECF 7). To the contrary, Uber alleged that "Plaintiffs' claims are subject to binding arbitration." (ECF 7 at 10).

After extensive motion practice, Plaintiffs filed their First Amended Complaint. (ECF 47). After more motion practice, Uber answered Plaintiffs' First Amended Complaint in December 2016 . (ECFs 48, 57). Uber's second Answer did not a trial by jury under Rule 38. (ECF 57). Rather, Uber explicitly denied any right to a trial by jury:

> With regard to the "Jury Trial Demanded" language in the First Amended Complaint, Defendants acknowledge that Plaintiffs request a trial by jury, but deny that Plaintiffs and/or members of the putative class and/or collection actions have a right to a trial by jury and/or that this action is properly brought and/or that Plaintiffs or any of the putative class and/or collection action members are entitled to any relief.

(ECF 57 at 17–18). Uber has not filed any pleadings since its December 2016 Answer. (ECF 57).

In other words, none of Uber's pleadings included a jury demand. Nor has Uber ever filed or served Plaintiffs with a jury demand. And so the docket lists "Plaintiff" as the only party to demand a jury.

```
United States District Court
Eastern District of Pennsylvania (Philadelphia)
CIVIL DOCKET FOR CASE #: 2:16-cv-00573-MMB

                            Date Filed: 02/04/2016
                            Jury Demand: Plaintiff
                            Nature of Suit: 720 Labor: Labor/Mgt. Relations
                            Jurisdiction: Federal Question
```

Uber first alluded to its purported right to a jury trial on June 9, 2023. That day, the parties jointly proposed that the Court "conduct a jury trial" on "the critical threshold liability question of whether the three individual Plaintiffs were Defendants' employees" under federal and state law. (ECF 136). Until that point, Uber had denied that any issue was triable of right by a jury.

Simply put, Uber waited seven years before flip-flopping on whether any issue could be tried by a jury. Still, Uber has never properly served or filed a jury demand. Uber has thus waived its right to trial by jury, assuming the Seventh Amendment even affords such a right to Uber.

III. **ARGUMENT**

   A. **Uber waived its alleged right to a jury trial.**

Uber argues that resolving Plaintiffs' employment classification through a Rule 52 proceeding would violate the company's right to a jury trial under the Seventh Amendment. The argument fails because Uber never properly served or filed a jury demand. To the contrary, Uber's last pleading denied the existence of any such right. (ECF 57 at 17–18). Uber has therefore waived its alleged right to a jury trial under Rule 38.

Rule 38(b) provides that "[o]n any issue triable of right by a jury, a party may demand a jury trial by:"

> (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and
>
> (2) filing the demand in accordance with Rule 5(d).

Fed. R. Civ. P. 38(b). Under Rule 38(d), "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d).

Rule 38(d) thus codifies what the Supreme Court has "long recognized"—"that a private litigant may waive the right to a jury trial in a civil case." *Tracinda Corp. v. DaimlerChrysler AG*,

502 F.3d 212, 222 (3d Cir. 2007) (citing *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848–49 (1986)).

Citing Rule 38, Circuit Courts have consistently held that "the failure to make a prompt demand for a jury constitutes a waiver of the right to one." *Shore v. Parklane Hosiery Co.*, 565 F.2d 815, 819 (2d Cir. 1977), *aff'd*, 439 U.S. 322 (1979); *Siders v. Ohio River Co.*, 469 F.2d 1093, 1094 (3d Cir. 1972); *Commc'ns Maint., Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1208 (7th Cir. 1985); *Gen. Tire & Rubber Co. v. Watkins*, 331 F.2d 192, 195 (4th Cir. 1964); *Am. Fid. & Cas. Co. v. All Am. Bus Lines*, 190 F.2d 234, 237 (10th Cir. 1951).

"A court may, in certain circumstances, grant relief from waiver" under Rule 39(b). *Plummer v. Gen. Elec. Co.*, 93 F.R.D. 311, 313 (E.D. Pa. 1981). Rule 39(b) provides that when no demand is made, the court may, "on motion, order a trial by a jury of any or all issues." Fed. R. Civ. P. 39(b). "When the only basis for such relief advanced by the requesting party is the inadvertence or oversight of counsel, courts have generally denied relief." *Plummer*, 93 F.R.D. at 313.

Contrary to Rule 38, Uber never served and filed a jury demand. Thus, under Rule 38(d), Uber has waived its alleged right to a jury trial. Nor is Uber entitled to any relief from waiver, having affirmatively denied the existence of any right to a jury trial in its last pleading. (ECF 57 at 17–18). For these reasons, the Court should deny Uber's Motion to Strike and adopt Plaintiffs' Proposed Findings under Rule 52(a)(1).

  **B.**  **Uber has no right to a jury trial under the Seventh Amendment.**

Congress did not include an explicit right to a jury trial in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. Nor did the General Assembly afford such a right under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101–333.115, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1–260.45. Uber is thus left to rely

on the Seventh Amendment. But the Seventh Amendment provides no right to a jury trial to decide whether Plaintiffs were Uber's employees or independent contractors.

The Supreme Court has espoused a two-prong test for determining whether the Seventh Amendment affords the right to a jury trial for claims arising under a statute. "[W]e ask, first, whether we are dealing with a cause of action that either was tried at law at the time of the founding or is at least analogous to one that was." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376 (1996). "If the action in question belongs in the law category, we then ask whether the particular trial decision must fall to the jury in order to preserve the substance of the common-law right as it existed in 1791." *Id.* But "before inquiring into the applicability of the Seventh Amendment, we must 'first ascertain whether a construction of the statute is fairly possible by which the constitutional question may be avoided." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

In *Lorillard v. Pons*, the Court held that the Age Discrimination in Employment Act afforded a statutory right to a jury trial. 434 U.S. 575, 583 (1978). The Court reasoned that the ADEA incorporates the FLSA's "procedures," 29 U.S.C. § 626(b), and Congress is presumably aware that courts had interpreted the FLSA as providing a right to jury trial. *Id.* at 580 (citing *Wirtz v. Jones*, 340 F.2d 901, 903 (5th Cir. 1965), *Lewis v. Times Pub. Co.*, 185 F.2d 457 (5th Cir. 1950); *Olearchick v. Am. Steel Foundries*, 73 F. Supp. 273, 278 (W.D. Pa. 1947)).

But the *Lorillard* Court did not consider whether the FLSA affords a right to jury when trial is limited to determining whether the worker was an employee or independent contractor. Nor did any of the opinions on which the *Lorillard* Court relied. And courts since *Lorillard* have held that when the Secretary of Labor brings an action under the FLSA, there is no right to a jury trial

5

because the action is "primarily an equitable" one. *Hodgson v. Am. Can Co.*, 328 F. Supp. 261, 264 (E.D. Pa. 1971).

The same is true here. The parties voluntarily limited the trial to the equitable issue of whether Plaintiffs were employees or independent contractors. The availability of any legal remedies—i.e., monetary damages—are secondary to this threshold equitable issue. So no jury was needed to "preserve the substance of" any "common-law right as it existed in 1791." *Markman*, 517 U.S. at 376. Thus, neither the FLSA nor the Seventh Amendment affords Uber the right to a jury trial. For that reason, the Court may, and should, resolve Plaintiffs' employment status by adopting their Proposed Findings under Rule 52(a)(1).

### C. The Court does not need Uber's consent to employ Rule 52.

Uber contends that the Court cannot adopt Plaintiffs' Proposed Findings because Rule 52 applies only to nonjury and advisory jury trials. *See* Fed. R. Civ. P. 52(a)(1). True enough. But Uber has no right to a jury trial, so the Court does not need Uber's consent to treat the jury as advisory. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 249 (3d Cir. 2013) ("District courts are free to use advisory juries, even absent the parties' consent. . . . District courts are also free to reject their verdicts[.]"). Rather, it was enough for this Court to notify the parties before trial that it may treat the jury as advisory.[1]

### IV. CONCLUSION

Uber has no right to a jury trial on the threshold equitable issue of whether Plaintiffs were employees or independent contractors under the FLSA, PMWA, and WPCL. Even if Uber did have such a right, it was waived years ago. For these reasons, the Court should deny Uber's Motion

---

[1] In its Order Re: New Trial, the Court explained that it would treat the jury as advisory if the jury failed to reach a unanimous decision. (ECF No. 294 at ¶ 3).

to Strike (ECF 345) and adopt Plaintiffs' Proposed Findings of Fact and Conclusions of Law (ECF 344-2).

Dated: July 24, 2024                    Respectfully submitted,
                                        *s/ Shannon Liss-Riordan*
                                        Shannon Liss-Riordan (*pro hac vice*)
                                        Thomas Fowler (*pro hac vice*)
                                        LICHTEN & LISS-RIORDAN, P.C.
                                        729 Boylston Street, Suite 2000
                                        Boston, MA 02116
                                        (617) 994-5800
                                        sliss@llrlaw.com
                                        tfowler@llrlaw.com

                                        Jeremy E. Abay (PA # 316730)
                                        LICHTEN & LISS-RIORDAN, P.C.
                                        76 E. Euclid Avenue, Suite 101
                                        Haddonfield, NJ 08033
                                        (856) 509-5346
                                        jabay@llrlaw.com

                                        Bret Stanley (*pro hac vice*)
                                        THE STANLEY LAW FIRM, PLLC
                                        1700 Richmond Avenue, Suite 1700
                                        Houston, TX 77079
                                        (832) 856-6486
                                        bstanley@stanleypllc.com

                                        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, certify that on July 24, 2024, a true and accurate copy of the foregoing document was served on counsel for Defendants by filing on the Court's CM/ECF system.

*s/ Shannon Liss-Riordan*
Shannon Liss-Riordan
